DOROTHY ROSSMAN v. 740 RIVER DRIVE.

241 N. W. 2d 91.

April 9, 1976—No. 45729.

*Stacker & Ravich, Stuart Radsom,* and *H. Jerome Gette,* for appellant.

*Richard D. Allen* and *Michael V. Scherschligt,* for respondent.

Heard before Rogosheske, Todd, and Breunig, JJ., and considered and decided by the court en banc.

ROGOSHESKE, JUSTICE.

Plaintiff, Dorothy Rossman, a tenant of an apartment owned by defendant, 740 River Drive, appeals from a summary judgment upholding the enforcement of a lease clause exculpating defendant from liability for negligence and denying recovery of damages for a theft of jewelry from plaintiff's apartment allegedly caused by defendant's negligence. Since the pleadings, affidavits, and documents before the trial court upon defendant's motion for summary judgment fail to "show that there is no genuine issue as to any material fact" entitling defendant to judgment as a matter of law within the contemplation of Rule 56.03, Rules of Civil Procedure, we are compelled to reverse.

The moving papers and documents, including plaintiff's pretrial deposition and the parties' stipulation on which the order for summary judgment is based, disclose the following facts. Plaintiff leased an apartment from defendant, the written lease for which contained a clause purporting to exculpate defendant from liability to plaintiff on account of any acts of negligence.[1]

---

[1] The exculpatory clause provided in pertinent part: "Lessor and Lessor's agents and servants shall not be liable, and Tenant waives all claims, for damage to person or property sustained by Tenant or any occupant of the building or premises resulting from the building or any part of it or any equipment or appurtenance becoming out of repair, or resulting from any accident in or about the building, or resulting directly or indirectly from any act or neglect of any tenant or occupant of the building or of any other person. * * * Tenant agrees to protect,

The security system in defendant's building was one of the primary factors in plaintiff's decision to reside there. Plaintiff discovered on returning to her apartment one evening that certain items of valuable jewelry were missing and apparently stolen, although no other signs of theft were evident. The door between the parking lot and the elevator, which is sometimes left open, is normally operated by any apartment key. Plaintiff has no knowledge of the identity of the thief nor any evidence that any of defendant's agents or servants committed the theft. By stipulation, she asserts that "the legal basis" for her suit "is based upon a theory of negligence with respect to the security system at, or in," defendant's apartment building. The sole issue the parties sought to submit to the trial court was the enforceability of the exculpatory clause under the foregoing facts.

We held as early as 1906 in James Quirk Milling Co. v. Minneapolis & St. L. R. Co. 98 Minn. 22, 23, 107 N. W. 742, 116 A. S. R. 336 (1906), that public policy requires that freedom of contract remain inviolate except only in cases when the particular contract violates some principle which is of even greater importance to the general public.[2] The enforceability of a lease clause which exculpates a landlord from liability for negligence is a question of balance. The public policy favoring freedom of contract is weighed against the policy favoring the landlord's observance of the particular duty he is alleged to have breached. Thus, the balance depends on the nature of the particular duty breached. If the landlord's duty is basic and his observance of

---

indemnify and save Lessor and its agent harmless from and against any and all liabilities, damages and expense arising from injury to persons or property on the demised premises, or in and about the building in which said premises are located, growing out of or connected with Tenant's use and occupancy of the demised premises, or activities in or about the building in which said premises are located."

[2] See, Restatement, Contracts, § 574: "A bargain for exemption from liability for the consequences of negligence not falling greatly below the standard established by law for the protection of others against unreasonable risk of harm, is legal [except in specified situations]."

it is of extreme importance (for example, a duty to maintain the stairs of a common area in safe condition so as to avoid personal injury to tenants), then the policy favoring his observance of that duty may well be stronger than the policy favoring freedom of contract. On the other hand, if the duty the landlord breaches is less basic and his observance of it is not of such grave importance (for example, a duty, if such exists, to maintain the temperature of the premises at such levels as will not injure a tenant's tropical houseplants), then freedom of contract may well be the dominant policy. If freedom of contract is the dominant policy, then an exculpatory clause may be enforced. Our decisions subsequent to the Quirk Milling Co. case do not appear to have deviated from these principles.[3]

To strike a balance in this case we must know the specific nature and character of defendant's acts or omissions upon which plaintiff bases her claim of causal negligence. That is to say that essential to granting a motion for summary judgment is a showing not only that the issue is one of law but also that the material facts which affect the result or outcome of the case are both disclosed and undisputed. Sauter v. Sauter, 244 Minn. 482, 70 N. W. 2d 351 (1955). The relevant papers and documents before the court fail to show sufficient material facts relating to the acts or omissions of defendant to support a finding of causal negligence, or indeed that such facts were undisputed. Until such facts are established, it is not possible to ascertain what duty, if any,[4] defendant breached and to weigh the policy favoring de-

---

[3] Great Northern Oil Co. v. St. Paul Fire & Marine Ins. Co. 291 Minn. 97, 100, 189 N. W. 2d 404, 407 (1971); Independent School Dist. No. 877 v. Loberg Plumbing & Heating Co. 266 Minn. 426, 434, 123 N. W. 2d 793, 798 (1963); Weirick v. Hamm Realty Co. 179 Minn. 25, 228 N. W. 175 (1929).

[4] As is discussed in Annotation, 43 A. L. R. 3d 331, one difficulty tenants have faced when suing a landlord for failure to protect against the criminal acts of third parties is demonstrating that the landlord owes any duty in this regard. Some courts have found such a duty, however. A recent example is Braitman v. Overlook Terrace Corp. 68 N. J. 368, 346 A. 2d 76 (1975).

fendant's observance of that duty against the policy favoring freedom of contract. Only upon this balancing would it be possible to evaluate whether the exculpatory clause is to be enforced.

Apparently the parties and the court proceeded on the basis that the exculpatory clause was either enforceable as to all varieties of negligence or enforceable as to none. Thus, it was assumed that plaintiff could prove defendant's duty, breach, and causation. With nothing more than this purely theoretical assumption, the issue of the enforceability of the exculpatory clause could not be properly evaluated under the balancing test. See, 2 Hetland & Adamson, Minnesota Practice, Civil Rules Ann., p. 572. Because the material facts establishing defendant's causal negligence and giving rise to the issue of enforceability of the exculpatory clause were neither shown nor established to be undisputed. We are compelled to reverse and remand for further proceedings.

The parties have disputed the proper scope of the judgment that was entered and whether plaintiff should be precluded from proceeding on any theories other than negligence. In light of our decision, plaintiff on remand will be able to pursue all theories of recovery. Our decision is also without prejudice to defendant to again move for summary judgment with respect to any of those theories if no genuine issue as to any material fact is established.

Reversed and remanded.