DeVee THIELE, f.k.a. DeVee
Moore, Respondent,

v.

Robert T. STICH, Petitioner, Appellant.

No. C1–87–645.

Supreme Court of Minnesota.

July 1, 1988.

Kay Nord Hunt, Caryn F. Brenner, Minneapolis, for appellant.

Gerald M. Singer, John P. Sheehy, Minneapolis, for respondent.

POPOVICH, Justice.

DeVee Thiele sued attorney Robert Stich in 1986 for legal malpractice in connection with her 1980 dissolution proceeding. Stich answered alleging insufficient service of process and Thiele re-served the summons and complaint. The trial court granted summary judgment for Stich on the ground that the six-year statute of limitations had run by the time of the second, proper service. The court of appeals reversed, holding the first service was ineffective, but the limitation period did not begin to run until 1986. *Thiele v. Stich,* 416 N.W.2d 827, 829–30 (Minn.App.1987). We agree the initial service was inadequate, but find the court of appeals erroneously considered the alternative accrual date for plaintiff's action, an issue neither raised in the trial court nor decidable on that record. We therefore reverse.

I.

In 1979, DeVee Thiele hired attorney Robert Stich to handle her divorce from Gary Moore. It is not clear whether Stich represented both parties, or whether Moore had his own counsel. Stich learned the parties were not legally married, as Gary Moore was married to another woman at the time he attempted marriage with Thiele in 1969. On July 29, 1980, the court filed a decree dissolving the purported marriage and dividing property the couple had acquired. The division included real estate purchased in joint tenancy, which was awarded to the parties equally as tenants in common.

Gary Moore subsequently sought partition of the real property and enforcement of a second mortgage against it, though the record does not indicate when his action began or what form it took. Thiele in turn filed this malpractice action against Stich, claiming that due to his negligence the 1980 decree failed to account for the parties' then-existing debts, protect Thiele's continued enjoyment of the property, or provide for payment of the second mortgage, real estate taxes, and improvements.

Stich was initially served with Thiele's summons and complaint on July 17, 1986, but the process-server simply left the document with the receptionist in Stich's law office when he was not there. He alleged insufficient service of process in his answer, and was then personally handed the identical summons and complaint at his office on August 14, 1986.

Stich filed a motion for summary judgment, alleging Thiele's action was time-barred under Minn.Stat. § 541.05, subd. 1(5) (1986). He contended Thiele's cause of action accrued on the date of the dissolution decree, July 29, 1980, and the six-year limitation period therefore expired on July 29, 1986. Stich said the July 17, 1986, service was ineffective to commence the action because the summons was neither delivered personally nor left at his usual place of abode, as required under Minn.R.

Civ.P. 4.03. Thiele responded that her cause "arguably" accrued in 1980, but claimed the first service on Stich properly commenced the action because he had actual notice of the suit within the limitation period. The court held service at defendant's place of business could not be so liberally construed, and granted summary judgment for Stich.

Thiele appealed, and in her statement of the case framed the issue as whether the July 17, 1986, service in Stich's office was proper, and whether Stich had sufficient notice of the suit given the fact that he referred the complaint to his insurers and retained counsel. However, Thiele additionally argued in her court of appeals brief that the August 14, 1987, service on Stich was well within the six-year limitation period because her cause of action did not accrue until she became aware of Stich's neglect in 1986. The court of appeals found the July 17, 1986, service ineffective, but agreed Thiele's cause of action did not accrue until her ex-husband filed his partition action in May, 1986. The court therefore reversed the judgment for Stich on the statute of limitations issue, remanding the case for trial. *Thiele,* 416 N.W.2d at 830.

## II.

■ Stich contends the court of appeals improperly considered a statute of limitations question never litigated below. We agree. A reviewing court must generally consider "only those issues that the record shows were presented and considered by the trial court in deciding the matter before it." *Thayer v. American Financial Advisers, Inc.,* 322 N.W.2d 599, 604 (Minn. 1982); *see also Thompson v. Barnes,* 294 Minn. 528, 200 N.W.2d 921, 927 (1972). More specifically, this court "will not consider the applicability of the statute of limitations on appeal, even though the question was raised below, if it was not passed on by the trial court." *Rehberger v. Project Plumbing Co. Inc.,* 295 Minn. 577, 578, 205 N.W.2d 126, 127 (1973); *accord Togstad v. Vesely, Otto, Miller & Keefe,* 291 N.W.2d 686, 694 (Minn.1980). This principle especially applies when facts on which the limi-

tations issue rests are in dispute. *Rehberger,* 205 N.W.2d at 127.

Nor may a party obtain review by raising the same general issue litigated below but under a different theory. *Pomush v. McGroarty,* 285 N.W.2d 91, 93 (Minn.1979) (cannot raise new negligence theory on appeal); *Security Bank of Pine Island v. Holst,* 298 Minn. 563, 564, 215 N.W.2d 61, 62 (1974) (elementary that party cannot shift his position on appeal). We recently applied this rule in a slightly different context, holding plaintiffs who won their case at trial but later lost on appeal "were under an obligation to preserve their alternative theories for standing to sue." *Mattson v. Underwriters at Lloyds of London,* 414 N.W.2d 717, 721 (Minn.1987). Failure to do so leaves that party vulnerable to the claim it is shifting theories on appeal or reviving an abandoned theory. *Id.* at 721–22.

The parties here obviously litigated the statute of limitations question in trial court, but the sole point of controversy was whether the July 17, 1986, service on Stich was effective to commence the action. Thiele never contended her action accrued on any date other than July 29, 1980, and she failed to even put that issue before the court of appeals in her statement of the case. Her position in trial court was that "[a]rguably, the facts suggest that Plaintiff's cause of action came into being on July 29, 1980." That statement may not be an express concession, but it does not dispute Stich's express argument in his trial memorandum that plaintiff's cause came into being on the date of her dissolution degree. Having lost on the theory under which she argued the case, Thiele plainly raised an alternative theory for the first time on appeal. The court of appeals nevertheless addressed and decided this new issue, without acknowledging or defending its deviation from the rule proscribing such appellate review.

■ Even if the court of appeals acted within its discretion to consider Thiele's new statute of limitations theory, it was still bound to the trial court record. An appellate court may not base its decision on

matters outside the record on appeal, and may not consider matters not produced and received in evidence below. *Plowman v. Copeland, Buhl & Co., Ltd.*, 261 N.W.2d 581, 583 (Minn.1977); Minn.R.Civ.App.P. 110. Not surprisingly, the key facts supporting Thiele's accrual claim were never presented to the trial court, being largely irrelevant to the question litigated there.

■ The court of appeals found Thiele's cause of action commenced in 1986 because "[she] believed the second mortgage on the property had been paid off before the dissolution proceeding began"; she had "no expectation that the decree would contain any reference to the mortgage"; and she suffered "no damage until [Gary] Moore filed his action in May 1986." *Thiele*, 416 N.W.2d at 829–30. None of these "facts" appear in the complaint, answer, dissolution decree, or Stich's affidavit—which make up the record before the trial court. Indeed, the record does not even indicate whether Moore actually filed a partition action or, if so, when. Moreover, the amended statement of proceedings filed in the court of appeals, which was approved by both parties and the trial court, failed to mention these allegations. As Stich points out, the court must have drawn this information from Thiele's appellate brief, which contains these new factual allegations. It clearly erred in so reaching beyond the trial court record.

■ Thiele apparently takes Stich's argument one step further, claiming the record was inadequate to establish *any* date on which the cause of action accrued. She contends Stich, as the moving party on a claim for which he bears the burden of proof at trial, was obligated to show the absence of any factual issue material to the statute of limitations. In her view, summary judgment was inappropriate because the materials accompanying Stich's motion were insufficient to establish when the limitation period began to run.

Thiele overstates Stich's burden. The party moving for summary judgment under Rule 56, Minn.R.Civ.P., must demonstrate no genuine issue of material fact exists.[1] 2A D. Herr and R. Haydock, *Minnesota Practice*, § 56.18 at 69 (2d ed. 1985); 10A C. Wright, A. Miller, M. Kane, *Federal Practice and Procedure*, § 2727 at 121 (2d ed. 1983). One asserting the statute of limitations also has the burden of proving all the elements of that affirmative defense. *Golden v. Lerch Bros.*, 203 Minn. 211, 220, 281 N.W. 249, 253 (1938). However, when the moving party makes out a prima facie case, the burden of producing facts that raise a genuine issue shifts to the opposing party. Wright & Miller, § 2727 at 143–44; *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 2556–57, 91 L.Ed.2d 265 (Brennan, J., dissenting, but not on this point). This principle is reflected in our frequent holdings that summary judgment is proper when the nonmoving party fails to provide the court with specific indications that there is a genuine issue of fact. *See Hunt v. IBM Mid America Employees Federal Credit Union*, 384 N.W.2d 853, 855 (Minn.1986); *Erickson v. Gen'l United Life Ins. Co.*, 256 N.W.2d 255, 259 (Minn.1977).

■ Stich submitted five exhibits and an affidavit that demonstrate when the dissolution decree was filed and when he was served. He specifically argued the cause accrued on the date of the dissolution decree, a point Thiele did not refute. Stich, then, surely offered enough support for his claim to shift onto Thiele the burden of producing contrary facts. He did not have a duty, as Thiele practically implies, to anticipate every argument she might make. Though Thiele failed to raise what could be a genuine issue of fact and law, there was no factual dispute on the single issue properly before the court.

---

1. The United States Supreme Court has recently interpreted this burden, when the party also bears the burden of persuasion on the merits, as a duty to produce "credible evidence—using any of the materials specified in Rule 56(c)—that would entitle it to a directed verdict if not controverted at trial." *Celotex Corp. v. Catrett,* 477 U.S. 317, 106 S.Ct. 2548, 2557, 91 L.Ed.2d 265 (1986) (Brennan J., writing in dissent but laying out majority position with which he agrees). *Celotex,* however, speaks more directly to the issue of the moving party's burden on summary judgment when the *nonmoving* party carries the burden of persuasion at trial. *Id.* 106 S.Ct. at 2554–55.

Thiele's reliance on *Rossman v. 740 River Drive*, 308 Minn. 134, 241 N.W.2d 91 (1976), is similarly misplaced. In *Rossman*, a landlord sought summary judgment on the enforceability of an exculpatory clause in a lease. The enforceability issue turned on the precise nature of the landlord's negligence, which could not be determined from facts on the record. Summary judgment is improper, we held, unless "the material facts which affect the result or outcome of the case are both disclosed and undisputed." 241 N.W.2d at 93. Here, though, the trial court could easily decide whether the limitations period had run based on the facts before it, particularly when the parties did not dispute the accrual date. To be sure, the facts are insufficient to find some accrual date other than July 29, 1980, but neither party asked the court to do so. Thiele's argument, again, seems an attempt to sidestep her own failure to raise the accrual issue in trial court.

### III.

■■■■ Perhaps anticipating our acceptance of Stich's threshold argument, Thiele renews her trial court position that service on July 17, 1986, was effective to commence the action within six years after July 29, 1980. The court of appeals, however, properly rejected that claim.

Under the rules of civil procedure, service of process can be effected on an individual only "by delivering a copy to him personally or by leaving a copy at his usual place of abode with some person of suitable age and discretion then residing therein." Minn.R.Civ.P. 4.03(a). Limited exceptions are inapplicable here. *See id.* The July 17, 1986, summons was left with Stich's receptionist at his law office, clearly violating the rule.

Thiele relies on *Larson v. Hendrickson*, 394 N.W.2d 524, 526 (Minn.App.1986), for the proposition that rules governing service are liberally construed when the intended recipient had actual notice of the lawsuit. *Larson* involved service on a tenant in defendant's house while defendant was out of state; the issue was whether the house was defendant's "usual place of abode." In that context, defendant's actual notice of the suit contributed to the finding that service was effective under Rule 4.03. *Id.*

This "actual notice" exception, however, has been recognized only in cases involving substitute service at defendant's residence. *See, e.g., Minnesota Mining & Manufacturing Co. v. Kirkevold*, 87 F.R.D. 317 (D.Minn.1980). One reason for this approach is that there may be no place significantly more desirable for the papers to be left. Wright & Miller, *Federal Practice and Procedure*, § 1096 at 79 (2d ed. 1987). Rule 4 is otherwise taken literally, and cannot be satisfied by service on defendant's place of work or business. *Thompson v. Kerr*, 555 F.Supp. 1090, 1093 (D. Ohio 1982); Wright & Miller § 1096 at 74. Actual notice will not subject defendants to personal jurisdiction absent substantial compliance with Rule 4. *See Benny v. Pipes*, 799 F.2d 489, 492 (9th Cir.1986); *Jackson v. Hayakawa*, 682 F.2d 1344, 1347 (9th Cir.1982).

No attempt was made here to serve a summons at Stich's residence. Leaving the papers with Stich's receptionist did not comply with the rule in any way. The court of appeals correctly found the first attempted service was ineffective, and Stich was not effectively served until August 14, 1986.

### IV.

There was no dispute in trial court that Thiele's malpractice action accrued on July 29, 1980, when damage from Stich's alleged negligence occurred. *See Dalton v. Dow Chemical Co.*, 280 Minn. 147, 153, 158 N.W.2d 580, 584 (1968). As Stich was not effectively served within six years of that date, the malpractice claim was time-barred under Minn.Stat. § 541.05, subd. 1(5). The trial court correctly granted summary judgment for Stich. We reverse the court of appeals insofar as it considered and decided an issue never litigated below, the merits of which we need not reach.

Reversed.