**FLOORING REMOVAL, INC.,**
**Respondent,**

v.

**Dan T. RYERSON, et al.,**
**Petitioners, Appellants.**

**No. C9–88–1603.**

Supreme Court of Minnesota.

Nov. 9, 1989.

---

Robert W. Gislason, Gislason, Martin & Varpness, Edina, for appellants.

R. James Jensen, Jr., St. Paul, for respondent.

KELLEY, Justice.

We granted the petition of defendants Dan T. Ryerson and Noah Williams and Associates for further review of an unpublished decision of the court of appeals reversing summary judgment entered in favor of defendants and remanding to the district court for trial on the merits. We reverse.

This dispute centers upon an alleged express trust created by correspondence between the parties and purportedly imposing upon defendant Ryerson a duty to disburse to plaintiff Flooring Removal, Inc. funds received from Park Nursing Home in connection with a flooring installation completed at that facility. In a split decision, a majority of the court of appeals' panel determined that, while plaintiff failed to demonstrate the existence of a material fact relating to the alleged express trust, genuine issues of material fact did exist as to the application of the doctrine of promissory estoppel to Ryerson's conduct.

The issue relating to promissory estoppel was neither raised nor tried below and was not addressed by the parties on appeal. Accordingly, the court of appeals erred in identifying and then deciding this issue. *See Thiele v. Stich,* 425 N.W.2d 580, 582 (Minn.1988). Moreover, in our view, no genuine issue of material fact exists so as to render summary judgment inappropriate. We, therefore, reverse the decision of the court of appeals and reinstate the judgment entered in favor of defendants.

Reversed and judgment reinstated.