**PROPRIETORS INSURANCE COMPANY, Respondent,**

v.

**Joseph COHEN, Esther Cohen, Milton Cohen and Harvey Cohen, individually and d/b/a Harvey Investment Company, Appellants,**

**Jack Novak, et al., Defendants.**

**No. C0–89–1919.**

Court of Appeals of Minnesota.

Feb. 27, 1990.

Mark R. Miller, Minneapolis, for respondent.

Robert J. Schmitz, Janet S. Stellpflug, St. Paul, for appellants.

Considered and decided by FOLEY, P.J., and CRIPPEN and MULALLY *, JJ.

* Acting as judge of the Court of Appeals by ap-

## OPINION

EDWARD D. MULALLY, Judge.

Respondent Proprietors Insurance Company brought a subrogation action against appellants Joseph, Esther, Milton and Harvey Cohen and Harvey Investment Company (Cohens) and against defendants Jack Novak, Snyder's Drug Stores, Inc. and Jack Pleason.

Cohens moved for summary judgment based upon exculpatory clauses in the lease agreement between Lucky Lanes, Inc. and appellants Cohen and Harvey. The lease provided that the parties to the lease were exculpated from liability for their own negligence. The motion for summary judgment was originally denied. Subsequently, a different trial judge, after again denying the motion for summary judgment, certified as important and doubtful the question whether the exculpatory clause at issue is enforceable.

## FACTS

Respondent Proprietors Insurance Company insured Lucky Lanes, Inc., a bowling alley located in St. Paul, Minnesota. Cohens owned the building. Defendant Snyder's Drug Stores, Inc. leased the portion of the building above Lucky Lanes.

On September 4, 1977, defendant Jack Novak and appellant Milton Cohen went to the building to repair the air conditioning system. The repairs could not be effected that day, and it was necessary to leave the air conditioning system shut down. Milton Cohen advised defendant Jack Pleason, the manager of the Snyder's store, and a Mr. Berkowitz, an employee of Snyder's, that the air conditioner was not to be turned on.

On September 5, 1977, Lucky Lanes was flooded. Several inches of water collected in the gutters of the bowling alleys and on the floor of the pin setting room. The total damages amounted to $83,931.78. Proprietors paid this amount to Lucky Lanes under its policy. Apparently, despite the warning of Milton Cohen, Pleason had turned on the air conditioner, causing the flooding. Proprietors brought a subroga-

pointment pursuant to Minn. Const. art. VI, § 2.

tion action against Cohens, Snyder's Drug Stores, and Pleason, the manager of Snyder's, and Novak.

Cohens moved for summary judgment based on an exculpatory clause in the lease. That clause provided:

It is further understood and agreed that Lessor shall not be liable and Lessee waives all claims for damages to person or property sustained by Lessee or Lessee's employees, agents, servants, invitees and customers, resulting from the building in which the leased premises are situated or the leased premises or any equipment or appurtenance, becoming out of repair, or resulting from any accident in or about said building or the leased premises, or resulting directly or indirectly from any act or neglect of any other tenant in said building.

Cohens' motion for summary judgment was denied by the trial court, which determined that its obligation under the lease to provide a properly working air conditioning system, and its obligation to "repair or restore the same with all reasonable speed and diligence," was a basic duty to Lucky Lanes. A second district court judge, while agreeing with this determination, certified the following question to this court:

Are Proprietor's subrogation claims against Cohens and Harvey Investment Company barred by the exculpatory clauses in the lease between Lucky Lanes, Inc. and Harvey Investment Company?

## ISSUES

1. Did the trial court err in certifying the question of the enforceability of the exculpatory clause as an important and doubtful question?

2. Did the trial court err in determining that the exculpatory clause may not be enforced under the facts of this case?

## ANALYSIS

### 1. *Certification*

■ An appeal may be taken to this court from an order denying a motion for summary judgment if the trial court certi-fies that the question presented is important and doubtful. Minn.R.Civ.App.P. 103.-03(h). The Minnesota Supreme Court has recently emphasized that "not every vexing question is important and doubtful." *Emme v. C.O.M.B., Inc.*, 418 N.W.2d 176, 179 (Minn.1988). A question is "doubtful" where there is no controlling precedent. Even if the question is one of first impression, there must be substantial ground for difference of opinion before certification is appropriate. *Id.* at 179–80.

Whether a question is "important" involves a weighing of probabilities. *Id.* at 180.

Importance increases with the probability that resolution of the question will have statewide impact and the probability of reversal.

*Id.*

■ The enforceability of an exculpatory clause in a lease is "a question of balance." *Rossman v. 740 River Drive*, 308 Minn. 134, 136, 241 N.W.2d 91, 92 (1976). An exculpatory clause is invalid if it exculpates the landlord for liability arising out of a breach of a basic duty, observance of which is of extreme importance. *Id.* at 136, 241 N.W.2d at 92.

■ The trial court in the present case applied established law. The question presented is neither important nor doubtful, and certification was inappropriate. Certification should not be used as a means of securing advisory opinions. *Emme*, 418 N.W.2d at 180.

Because we conclude the trial court erred in certifying the question, we do not reach the merits of the appeal.

## DECISION

The trial court erred in certifying the question of the enforceability of the exculpatory clause in the parties' lease.

Appeal dismissed.