*This opinion will be unpublished and
may not be cited except as provided by
Minn. Stat. § 480A.08, subd. 3 (2012).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A14-0895**

In re: Guardianship of the Estate of David Tracy Platz, Jr.

**Filed December 22, 2014
Affirmed
Peterson, Judge**

Stearns County District Court
File No. 73-PR-14-2259

Stacy M. Lundeen, Waite Park, Minnesota (for respondent David Tracy Platz, Jr.)

Janelle P. Kendall, Stearns County Attorney, Lotte Rose Hansen, Assistant County Attorney, St. Cloud, Minnesota (for respondent Stearns County)

David Tracy Platz, Sr., Brenda Kuschel, Albany, Minnesota (pro se appellants)

Considered and decided by Reyes, Presiding Judge; Peterson, Judge; and Reilly, Judge.

**U N P U B L I S H E D   O P I N I O N**

**PETERSON**, Judge

In this appeal from an order appointing Presbyterian Family Foundation as guardian for appellant-parents' profoundly disabled son, appellants argue that the district court abused its discretion by appointing a non-family member as guardian. We affirm.

## FACTS

David Tracy Platz, Jr. (David) is an eighteen-year-old non-verbal autistic man who has been described as having a "significant autism spectrum disorder." David "has been diagnosed with Disruptive Behaviors Disorder – not otherwise specified, Autistic Disorder, Moderate Mental Retardation and a suspicion of a diagnosis of General Anxiety Disorder." David's parents, pro se appellants David Platz, Sr. and Brenda Kuschel, challenge a May 9, 2014 district court order that appoints Presbyterian Family Foundation as David's guardian.

David was placed out of appellants' home in April 2012 after Stearns County Human Services (Stearns County) filed a petition alleging that he is a child in need of protection or services. The petition sets forth a troubled family history that includes a prior out-of-home placement for David due to his aggression and high needs, appellants' inability to provide adequate supervision or support for him, and numerous instances of county and law-enforcement involvement and interventions with the family due to altercations in the home or other safety concerns. The petition highlights appellants' use of physical restraints on David, domestic abuse and verbal altercations between appellants that had a negative effect on David's behavior, and David's escalating physical violence toward appellants, including hitting his father in the head with a brick, attacking him with a knife, and bruising his mother.

With appellants' consent, David was placed in the permanent custody of Stearns County in September 2012. At that time, David was six feet tall, weighed almost 300 pounds, and, according to the petition, was diabetic. He began to reside at Opportunity

Matters, a 24-hour supervised-care facility that offers educational services to people with cognitive or physical challenges.

In February 2014, the district court denied appellants' motion to modify David's placement to permit him to reside in their home, finding that it was not in David's best interests to do so. Appellants and Stearns County each petitioned for appointment of a guardian for David in April 2014 when David was nearly 18 years old. The district court held a guardianship hearing on May 9, 2014. At the hearing, the district court heard testimony from appellants, the guardian ad litem, and David's attorney.

David Platz, Sr. testified that David "made a lot of progress in the last few years" and acknowledged that David has "done well" since his placement at Opportunity Matters. But he asked for David to return to the family home because he and his wife were able to provide for their son, would be the best advocates for their son, could respond quickly to David's needs and would be willing to cooperate with Stearns County in "acquiring help," and because it was a financial strain for the family to travel to a town 30 miles away three or four times a week to visit David. David Platz, Sr. also testified that he had taken an 18-week anger-management course and that he and his wife had participated in marital counseling.[1] But David's father also admitted that he had no services in place at home to address David's needs.

Brenda Kuschel testified that "David's aggressions have gone down a lot" since his out-of-home placement, and she admitted that the family could not quite provide

---

[1] The record also includes references to mother's participation in a women's support group and individual therapy.

3

David 24-hour supervised care, although she believed they could offer more activities to him because they live on a farm. Appellants both testified about David's approximately 120-pound weight loss during the 22 months that David was placed out of home and acknowledged that when he was in their care they used food as a tool "for learning."

The guardian ad litem, Karen Novak, was appointed to represent David on August 14, 2012, and reported visiting him monthly. She testified that Opportunity Matters is doing a "great job of taking care of [David] and watching him, monitoring him very closely." She testified that David's aggression was "reduced," he seemed comfortable and happy at Opportunity Matters, his social and educational needs were met there, appellants were rude to staff, and she feared that David would regress if returned to appellants' care. Novak also testified that it was in David's best interests to have a "state guardian" and recommended that David stay at Opportunity Matters. David's attorney was unable to effectively communicate with David and provided no evidence to the court as to David's wishes or concerns.

The district court determined that David's impairment made him incapacitated and in need of a guardian and that no less-restrictive alternative to guardianship existed. The district court also found that Presbyterian Family Foundation is "the most suitable and best qualified among those available and willing to discharge the trust and is not excluded from appointment pursuant to Minn. Stat. § 524.5-309(c)." At the close of the guardianship hearing, the district court gave its reasons for choosing to appoint Presbyterian Family Foundation, rather than appellants, as David's guardian:

I haven't heard anything about really any negativity about how he's been doing. I mean, it seems like you agree he's been thriving. He lost over 100 pounds, you know, he's learning how to sign, his anger is down dramatically.

. . . .

[T]here are certain circumstances where I can look at the best interests of the individual and appoint who I think – somebody who wouldn't have priority if I think that's in their best interest. And there's also a case called the Guardianship of Rhoda, R-h-o-d-a,[2] and it's from 2006 in the Court of Appeals, and that talked about the fact that that individual was thriving where they were and the parents said that they would take them out of that placement if they were the guardian, and similar to the Court then, I have major concerns with that. It sounds like David, Jr.'s doing great where he is: he's becoming more independent, his anger has dropped significantly, his weight has dropped significantly. These are all very good things. And my concern, like the judge had in that case, is that I would rather have the positive known, which is Opportunity Matters, compared to the potential unknown, which is returning him to your home. You haven't told me what you would do differently that wouldn't lead us to where we were less than, well, about two years ago, and that's a major concern for me. I don't want him to regress.

## D E C I S I O N

Appointment of a guardian "is a matter peculiarly for and within the discretion of the appointing court, and . . . although generally a court will select a family member as a guardian, this is not mandatory, since the interests of the ward are paramount." *In re Guardianship of Fingerholtz*, 357 N.W.2d 423, 426 (Minn. App. 1984) (quotation and citation omitted), *review denied* (Minn. Feb. 6, 1985); *see In re Guardianship of Autio*, 747 N.W.2d 600, 603 (Minn. App. 2008) (stating that the district court "need not appoint a family member as guardian if it determines that the best interests of the proposed ward

---

[2] *In re Guardianship of Rhoda*, No. A05-567 (Minn. App. Mar. 28, 2006).

will not be served").  A district court's guardian appointment is reviewed for abuse of discretion. *In re Guardianship of Wells*, 733 N.W.2d 506, 508-09 (Minn. App. 2007), *review denied* (Minn. Sept. 18, 2007).  This court "defer[s] to the district court's factual determinations and credibility assessments." *In re Guardianship of O'Brien*, 847 N.W.2d 710, 714 (Minn. App. 2014).  A finding of fact is "clearly erroneous only if the reviewing court is left with the definite and firm conviction that a mistake has been made." *Fletcher v. St. Paul Pioneer Press*, 589 N.W.2d 96, 101 (Minn. 1999) (quotation omitted).

The parties agree that it is appropriate for a guardian to be appointed for David; they disagree as to the proper party to appoint as guardian.  *See* Minn. Stat. § 524.5-310 (2012) (setting forth factual bases for appointment of a guardian).  The guardianship statute provides that

> the court, in appointing a guardian, shall consider persons otherwise qualified in the following order of priority:
>
> (1) A guardian, other than a temporary or emergency guardian, currently acting for the respondent in this state or elsewhere;
>
> (2) A health care agent appointed by the respondent in a health care directive that does not include limitations on the nomination of the health care agent as a guardian and is executed pursuant to chapter 145C;
>
> (3) The spouse of the respondent or a person nominated by will or other signed writing executed in the same manner as a health care directive pursuant to chapter 145C of a deceased spouse;
>
> (4) An adult child of the respondent;

6

(5) *A parent of the respondent*, or an individual nominated by will or other signed writing executed in the same manner as a health care directive pursuant to chapter 145C of a deceased parent;

(6) An adult with whom the respondent has resided for more than six months before the filing of the petition;

(7) An adult who is related to the respondent by blood, adoption, or marriage; and

(8) Any other adult or *a professional guardian*.

Minn. Stat. § 524.5-309(a) (2012) (emphasis added). The statute provides further that "[t]he court, acting in the best interest of the respondent, may decline to appoint a person having priority and appoint a person having a lower priority or no priority." Minn. Stat. § 524.5-309(b) (2012).

We observe no abuse of discretion in the district court's decision to appoint Presbyterian Family Foundation as David's guardian. Although appellants were ranked higher in the statutory order of priority, the district court provided valid reasons for finding that it was in David's best interests for a professional guardian, rather than his parents, to be appointed as his guardian. The district court found that David's needs are currently satisfied by his placement at Opportunity Matters, and nearly every aspect of his life has improved while residing there, including his health, education, social adjustment, and behavior. While appellants want David to live at home with them and there is no question that they love him, they have not demonstrated that they are prepared to care for him. David Platz, Sr. stated that he had no services in place at home to ensure

7

proper supervision of David, and the guardian ad litem expressed concern that David would regress if returned to appellants' care. This, coupled with appellants' prior unsuccessful management of David's care, supports the district court's guardianship decision. *See Autio*, 747 N.W.2d at 603-04 (appointing public guardian for mentally disabled ward and denying ward's brother's petition for appointment as emergency guardian when brother planned to reduce ward's medications and substitute his own non-efficacious medicines that treating physician said would cause ward to regress, and brother could not cooperate with ward's other caregivers); *see also In re Schober's Estate*, 303 Minn. 226, 230, 226 N.W.2d 895, 898 (1975) (stating, "[t]he best interests of the ward should be the decisive factor in making any choice on [the ward's] behalf").

Appellants' brief to this court also addresses other issues and complaints related to David's current placement, including past interactions with Stearns County, visitation, purported bias of the guardian ad litem, the timing of David's removal from appellants' home, and appellants' financial concerns about traveling for visitation. These issues were not the subject of the guardianship hearing and are not before this court on appeal. *Thiele v. Stich*, 425 N.W.2d 580, 582 (Minn. 1988) ("A reviewing court must generally consider only those issues that the record shows were presented and considered by the [district] court in deciding the matter before it").

**Affirmed.**