*This opinion will be unpublished and
may not be cited except as provided by
Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A15-0478**

Pang Her Xiong,
Appellant,

vs.

Wells Fargo Bank, N.A.,
Respondent,

Reliakor Services, Inc.,
Respondent.

**Filed November 23, 2015
Affirmed
Ross, Judge**

Hennepin County District Court
File No. 27-CV-14-2897

Jerome R. Klein, The Injury Law Group, P.A., Roseville, Minnesota (for appellant)

Brian A. Wood, Lind, Jensen, Sullivan & Peterson, Minneapolis, Minnesota (for respondent Wells Fargo Bank)

John C. Syverson, Law Offices of Thomas P. Stilp, Golden Valley, Minnesota (for respondent Reliakor Services)

Considered and decided by Chutich, Presiding Judge; Ross, Judge; and Larkin, Judge.

UNPUBLISHED OPINION

**ROSS**, Judge

Pang Her Xiong was injured after she slipped and fell in a Wells Fargo Bank parking lot in Minneapolis. Xiong sued Wells Fargo and its snow-removal company Reliakor Services Inc. for negligence, arguing that they failed to maintain the premises in a safe condition because the parking lot was icy. The district court ordered summary judgment against Xiong, holding that she provided no evidence that the defendants knew that the parking lot was unsafe. Because no genuine issue of material fact exists, we affirm.

## FACTS

At about 9 a.m. on March 11, 2013, Xiong exited her car at a Wells Fargo Bank branch in Minneapolis. Xiong walked about three yards, fell, hit her head, and was knocked unconscious. Xiong sued Wells Fargo for negligence, arguing that it failed to adequately maintain the premises in a safe condition. She also sued Reliakor, which provided snow- and ice-removal services for the Wells Fargo branch.

The parties pointed to the National Weather Service's climate data, which indicates that March 4 and 5 were the last days of significant snowfall in the Twin Cities before Xiong's fall. Reliakor presented service records showing that it removed snow from the parking lot on March 4, 5, and 6. Reliakor also salted the parking lot on March 4 and 5. On March 10, the day before Xiong's fall, fog and trace snowfall were recorded. In response to this trace snowfall, Reliakor salted the parking lot again at approximately 3:00 a.m.

Xiong testified in her deposition that it was cold and sunny when she fell and that she did not see any ice when she got out of her car. She initially expressed uncertainty as to how she fell. She stated, "I didn't know what happened, how I fell or whatever." She later reasoned that ice caused her fall because nothing else could have caused it. Xiong admitted in interrogatories that she does not believe she would have seen the alleged ice even if she had been looking down because it was "very very very thin ice."

Reliakor moved for summary judgment. The district court granted Reliakor's motion because it held that Xiong failed to offer evidence to establish that the bank or Reliakor had even constructive knowledge of any ice in the parking lot. This appeal follows.

## D E C I S I O N

## I

Xiong argues that the evidence could lead a reasonable fact-finder to conclude that Wells Fargo and Reliakor breached a duty of care by failing to remedy the icy lot. We review summary judgment decisions de novo to determine whether the district court applied the law properly and whether genuine issues of material fact exist. *Riverview Muir Doran, LLC v. JADT Dev. Grp., LLC*, 790 N.W.2d 167, 170 (Minn. 2010). There is no genuine fact issue for trial when the nonmoving party presents evidence that merely creates a metaphysical doubt as to a factual issue and that is not sufficiently probative of an essential element to permit reasonable persons to draw different conclusions. *DLH, Inc. v. Russ*, 566 N.W.2d 60, 71 (Minn. 1997). We view the evidence in the light most favorable to the nonmoving party. *Fabio v. Bellomo*, 504 N.W.2d 758, 761 (Minn. 1993).

To recover on a negligence claim, a plaintiff must show: "(1) the existence of a duty of care; (2) a breach of that duty; (3) an injury;" and (4) a proximate cause relationship between the breach of duty and the injury. *Doe 169 v. Brandon*, 845 N.W.2d 174, 177 (Minn. 2014). We resolve this appeal, and affirm, focusing on whether there is a genuine issue of material fact regarding the breach-of-duty element of Xiong's negligence claim.

A landowner has a duty to exercise reasonable care for the safety of individuals on its premises. *Peterson v. Balach*, 294 Minn. 161, 174, 199 N.W.2d 639, 647 (1972). This duty requires landowners to use reasonable care to prevent dangerous conditions that pose a foreseeable risk of injury to entrants. *Rinn v. Minn. State Agric. Soc'y*, 611 N.W.2d 361, 364–65 (Minn. App. 2000). The duty is triggered only if the landowner created or had actual or constructive knowledge of the dangerous condition. *Id.* at 365. Constructive knowledge can be established through evidence that a dangerous condition existed for "such a period of time so as to constitute constructive notice." *Id.* If one must speculate to know how long a dangerous condition existed, the landowner is entitled to summary judgment. *Id.*

Xiong concedes that neither Reliakor nor Wells Fargo created or had actual knowledge of the icy condition. She instead argues that the weather data could convince a reasonable fact-finder that they had constructive notice of the ice. Her theory for how ice formed on the parking lot is as follows: the warm temperatures in the days before March 11 caused the snow that accumulated from the March 5 snowstorm to melt and flow onto the lot and refreeze on March 10, and this caused patches of ice to form before

4

midnight March 11. She postulates that the sun would not have been high enough to melt those ice patches before she fell at 9:00 a.m. She concludes that this constitutes evidence from which one could find that Reliakor had plenty of time before her fall to learn that the parking lot was dangerously icy.

But this theory includes a great deal of conjecture and extrapolates too tenuously from the weather-data evidence in the record, which does not by itself support Xiong's argument. It also ignores the fact that Reliakor applied salt to the parking lot 30 hours before the time of the fall, and it incorporates no evidence suggesting that Reliakor should have understood that its salting efforts failed to prevent ice formation. To overcome summary judgment, Xiong invites us to take judicial notice of various facts. A court may take judicial notice of adjudicative facts that are not subject to reasonable dispute because they are either generally known within the territorial jurisdiction of the court or "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Minn. R. Evid. 201(b). Judicial notice is therefore not appropriate for those facts requiring expertise or foundation. *State v. Pierson*, 368 N.W.2d 427, 434 (Minn. App. 1985). Xiong asks us to take notice of a variety of facts that do not immediately follow the raw weather data she highlights. These facts include the melting rate of snow and ice, the freezing point of water (apparently without considering the surface salt that Reliakor applied), and the amount of daylight and its effect on ice formation during early morning hours. She proposes that these facts would allow a reasonable fact-finder to determine that ice formed shortly after midnight, giving Reliakor and Wells Fargo constructive knowledge based on their having had nine

5

hours to discover and remedy the dangerous condition. This proposal stretches far beyond mere judicial notice of basic facts. For example, Xiong asks us to recognize that, "For several hours after daybreak in March in Minnesota, the angle of the sun's rays is too low to melt snow or ice when the temperature is below 32 degrees." The assertion is so technical that it would require expert testimony. *See* Minn. R. Evid. 702. And it ignores the evidence that Reliakor had removed the accumulated snow days earlier. It also depends on evidence absent from the record about the lot's grade and other circumstances that might affect the alleged water flow and bear on notice. Xiong is not really asking us only to consider the weather data but instead to judicially notice her complex weather-related story. We will not do so. Because Xiong offers only conjecture as to how long any dangerous condition existed, we see no genuine issue of material fact from which a jury might find constructive knowledge.

## II

Xiong also argues for the first time on appeal that she is a third-party beneficiary of the Reliakor and Wells Fargo service agreement and that Reliakor breached the agreement by failing to monitor the weather and anticipate ice forming on the lot. We deem this argument waived because it was neither presented to nor considered by the district court. *See Thiele v. Stich*, 425 N.W.2d 580, 582 (Minn. 1988).

**Affirmed.**