*This opinion will be unpublished and may not be cited except as provided by Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A16-0119**

Randolph Brooks Federal Credit Union,
Respondent,

vs.

Daniel N. Gess,
Appellant.

**Filed August 8, 2016
Affirmed
Halbrooks, Judge**

Isanti County District Court
File No. 30-CV-15-466

Randolph Brooks Federal Credit Union, Universal City, Texas (respondent)

Daniel N. Gess, Princeton, Minnesota (pro se appellant)

Considered and decided by Hooten, Presiding Judge; Halbrooks, Judge; and Jesson, Judge.

## U N P U B L I S H E D   O P I N I O N

**HALBROOKS**, Judge

Appellant argues that the district court erred by granting summary judgment for respondent. We affirm.

**FACTS**

On August 28, 2012, appellant Daniel Gess and his father Neale Gess signed a loan agreement with respondent Randolph Brooks Federal Credit Union. Neale served as the primary signatory, while Daniel signed as a guarantor. By signing the agreement as a guarantor, Daniel agreed that all of the terms of the agreement applied equally to him. According to the terms of the agreement, the credit union loaned Neale and Daniel $13,070.40 in exchange for a security interest in a 2008 Chrysler van. Neale and Daniel were responsible for 42 monthly payments of $311.20 to pay off the loan. If they defaulted, the credit union had the option to "require that [they] deliver the collateral to it at a time and place of its choosing." As an alternative to delivery of the van, the agreement states that Neale and Daniel "agree that the Credit Union can take possession of the collateral without judicial process and [they] authorize a right of entry for that purpose." The terms dictate that the credit union could also file a lawsuit to recover the van.

Neale died on December 13, 2012. After Neale's death, Daniel came into possession of the van. Daniel defaulted on the loan three months later. The credit union attempted to recover the van without filing a lawsuit, but Daniel refused to relinquish possession. As a result, the credit union filed a complaint in district court to recover the van. The credit union asked the district court to compel Daniel to appear and disclose the location of the van. It also asked the district court to authorize the sheriff to seize it. The credit union moved the district court for summary judgment. Daniel moved the district

2

court to dismiss the case or, in the alternative, to continue it. He also requested a jury trial.

The district court granted the credit union's motion for summary judgment and denied Daniel's motions. It found that Daniel "provided no evidence creating a dispute of material fact regarding any of the substantive elements of [the credit union's] [c]omplaint. Specifically, there is no evidence of a dispute regarding the failure to make payments when they became due pursuant to the security agreement." The district court ordered Daniel to deliver the van to the credit union or disclose the van's location and authorized the sheriff to seize it and turn it over to the credit union.

Daniel moved the district court for relief from the judgment under Minn. R. Civ. P. 60.02. In response, the credit union moved for an order to show cause for why Daniel should not be held in constructive contempt for refusing to deliver the van to the credit union or disclose its location. The district court denied Daniel's motion and granted the credit union's motion. It also permanently enjoined Daniel from initiating any successive suits or proceedings to attempt to relitigate the case. This appeal follows.

## DECISION

Daniel argues that the district court erred when it granted summary judgment to the credit union because "testimony and evidence was produced and submitted that clearly indicated that there were many valid and ongoing issues." "On appeal from summary judgment, this court reviews de novo whether there are any genuine issues of material fact and whether the district court erred in its application of the law to the facts." *Commerce Bank v. W. Bend Mut. Ins. Co.*, 870 N.W.2d 770, 773 (Minn. 2015). Evidence

3

is viewed in the light most favorable to the party that summary judgment was granted against. *Id.*

Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that either party is entitled to a judgment as a matter of law." Minn. R. Civ. P. 56.03. Summary judgment is inappropriate if reasonable persons might draw different conclusions from the evidence presented. *DLH, Inc. v. Russ*, 566 N.W.2d 60, 69 (Minn. 1997). But a genuine issue of material fact "must be established by substantial evidence." *Id.* at 70 (quoting *Murphy v. Country House, Inc.*, 307 Minn. 344, 351, 240 N.W.2d 507, 512 (1976)). The nonmoving party cannot "rest on mere averments," and the evidence must be sufficiently probative to an essential element of the nonmoving party's case. *Id.* at 71.

On appeal, Daniel asserts that there was a genuine issue of material fact because the credit union was "unregistered, unlicensed and NOT bonded for actively engaging in a replevin action in Minnesota." Daniel also claims that he produced evidence to show that the van's title certificate is under review by the Texas Department of Motor Vehicles. Daniel failed to provide substantial evidence to support either assertion. His assertion that the credit union cannot legally engage in a replevin action was unaccompanied by any proof. To support the assertion that the van's title certificate is under review, Daniel attached court documents he filed in district court in Texas. The documents reveal that Daniel attempted to have the title certificate reviewed. But Daniel did not provide anything authored by the Texas district court indicating that it questioned

4

the validity of the title. His unsupported assertions are insufficient to preclude summary judgment.

Daniel also claims that he produced evidence to establish that he has a security interest in the van that has priority over the credit union's security interest. To support this claim, Daniel attached an affidavit for collection of personal property that he filed with the secretary of state, claiming that he is entitled to payment or delivery of the van and the van's title as the principal heir named in his father's will. But under the terms of the agreement with the credit union, Daniel agreed "not to sell, lease it, or give it as collateral" until he "repaid what [he] owe[d] the Credit Union or the Credit Union [gave him] written permission." Daniel does not claim that he repaid the loan or that he had permission from the credit union to create a security interest in the van for himself. The affidavit does not create a genuine issue of material fact.

In support of its motion for summary judgment, the credit union attached the loan agreement and the van's certificate of title indicating its security interest. And Daniel does not deny that he defaulted on the agreement. According to the terms of the agreement, the credit union was allowed to recover the van by filing a lawsuit if Daniel defaulted, and it did so. The district court properly granted summary judgment to the credit union.

Daniel argues in the alternative that the district court denied his constitutional right to a jury trial by granting the credit union's motion for summary judgment. "The right of trial by jury shall remain inviolate, and shall extend to all cases at law without regard to the amount in controversy." Minn. Const. art. I, § 4. The jury's role at trial is to decide

5

issues of fact. *Rheinberger v. First Nat'l Bank of St. Paul*, 276 Minn. 194, 201-02, 150 N.W.2d 37, 42 (1967). When, as here, there is no genuine issue of material fact, the district court does not violate a party's constitutional right to a jury trial by not submitting the case to a jury and instead granting summary judgment. *Id.*

Finally, Daniel argues that the credit union owes him money for transferring and storing the van. He failed to raise this issue to the district court. We therefore do not address it. *Thiele v. Stich*, 425 N.W.2d 580, 582 (Minn. 1988). Even if we were to consider the argument, Daniel has provided no legal basis for his argument that he is entitled to money from the credit union for transferring or storing the van.

**Affirmed.**