Worke, Judge
Appellant argues that the district court erred by failing to rule on respondent's motion to compel arbitration and by granting respondent's motion to dismiss for failure to state a claim. Respondent agrees that the district court erred by failing to decide the motion to compel arbitration, and urges this court to remand to the district court with instructions to grant his motion to compel arbitration and stay this litigation. We reverse and remand.
FACTS
Appellant Leon Rodgers is a professional basketball player who began playing in 2012 for Organization of Marinos de Oriente (Marinos), a Venezuelan professional basketball team. Respondent Carlos Silva is the owner of Marinos.[1] In 2014, Rodgers signed an employment agreement with Marinos to play for another two seasons, *666 with a team option for a third season. The agreement contained an arbitration clause, which stated that "[a]ny dispute arising from or related to the present contract shall be submitted to the FIBA Arbitral Tribunal (BAT) in Geneva, Switzerland and shall be resolved definitely in accordance with the BAT Arbitration Rules."
Marinos failed to pay Rodgers's full salary over the next three years. Rodgers asserts that Silva personally promised to pay the amounts owed. In 2017, Rodgers sued Silva, alleging breach of personal guaranty and promissory estoppel. Silva moved to "dismiss or to compel arbitration," arguing that Rodgers's complaint failed to state a claim upon which relief can be granted and that Rodgers should be compelled to arbitrate his claims.
In February 2018, the district court granted Silva's motion to dismiss for failure to state a claim. The district court did not reach the motion to compel arbitration, but noted that, "based on the briefed argument, the argument appears to have merit." This appeal followed.
ISSUE
Did the district court err by failing to decide the motion to compel arbitration?
ANALYSIS
The parties agree that the district court erred by failing to decide the motion to compel arbitration. This court reviews de novo the district court's decision whether to compel arbitration. Onvoy, Inc. v. SHAL, LLC , 669 N.W.2d 344, 349 (Minn. 2003).
If a party opposes a motion to compel arbitration, the district court "shall proceed summarily to decide the issue. Unless the [district] court finds that there is no enforceable agreement to arbitrate, it shall order the parties to arbitrate." Minn. Stat. § 572B.07(a) (2016) (emphasis added). "When a party moves to compel arbitration, the [district] court is limited to determining whether an arbitration agreement exists and, if so, whether the dispute falls within the scope of that agreement." Churchill Envtl. & Indus. Equity Partners, L.P. v. Ernst & Young, L.L.P. , 643 N.W.2d 333, 337 (Minn. App. 2002). "A [district] court cannot refuse to compel arbitration of a claim because that claim lacks merit ...." Id. "If an arbitration agreement exists that governs the dispute, the [district] court must compel the parties to arbitrate." Id.
The question this court must answer is whether, when a party moves both to compel arbitration and for dismissal of the case for failure to state a claim, the district court must rule on the arbitration issue before considering the motion to dismiss. If a party moves to compel arbitration and the refusing party opposes the motion, then the district court "shall proceed summarily to decide the issue." Minn. Stat. § 572B.07(a). The use of the term "shall" suggests that, when confronted with a motion to compel arbitration, the district court must rule on the motion. This conclusion is bolstered by other language in section 572B.07(a), which states that, "[u]nless the [district] court finds that there is no enforceable agreement to arbitrate, it shall order the parties to arbitrate." Id. (emphasis added).
Under a plain reading of section 572B.07(a), when a party moves to compel arbitration, the district court must consider and decide that issue. If a district court were to grant a motion to dismiss for failure to state a claim, despite the existence of an enforceable arbitration agreement, then the district court's dismissal would contravene section 572B.07(a) 's mandate to send the case to arbitration for resolution on the merits. We conclude that *667 the district court erred by dismissing Rodgers's complaint for failure to state a claim without first deciding Silva's motion to compel arbitration. Because the district court was required to consider whether Rodgers's claims were arbitrable before it could consider whether his complaint failed to state a claim upon which relief can be granted, the district court's dismissal of Rodgers's claims must be reversed. Consequently, we need not address the parties' other arguments with respect to whether the district court erred by dismissing Rodgers's complaint.
Silva urges this court to decide in the first instance that Silva is entitled to compel arbitration even though he was not a signatory to the agreement. Generally, this court will not decide issues for the first time on appeal that were not considered by the district court. Thiele v. Stich , 425 N.W.2d 580, 582 (Minn. 1988). We therefore reverse and remand to the district court for decision on Silva's motion to compel arbitration.
DECISION
Because the district court did not first decide Silva's motion to compel arbitration, we conclude that the district court erred by granting Silva's motion to dismiss for failure to state a claim upon which relief can be granted.
Reversed and remanded.

Silva asserts that he previously held an ownership interest in Marinos, but that he sold his interest to his sisters in July 2013.