**ROCHON CORP., Appellant,**

v.

**CITY OF ST. PAUL, Respondent.**

No. A12–1491.

Court of Appeals of Minnesota.

April 8, 2013.

Dean B. Thomson, Jeffrey A. Wieland, Fabyanske, Westra, Hart & Thomson, P.A., Minneapolis, MN, for appellant.

Sara R. Grewing, St. Paul City Attorney, Lawrence J. Hayes, Jr., Assistant City Attorney, St. Paul, MN, for respondent.

Considered and decided by PETERSON, Presiding Judge; CHUTICH, Judge; and SMITH, Judge.

## OPINION

SMITH, Judge.

Appellant challenges the district court's refusal to award attorney fees and litigation costs incurred after it successfully challenged respondent-city's bidding process for a municipal-contracting project. Appellant was awarded the full costs of its bid submission as allowed under the Minnesota Uniform Municipal Contracting Law (the UMCL). Because the UMCL unambiguously prohibits the award of attorney fees under these circumstances, we decline to adopt appellant's argument that it is entitled to attorney fees and costs under Minnesota's private attorney general statute. We affirm.

## FACTS

Appellant Rochon Corporation lost a municipal general-contract bidding contest to construct the Lofts at Farmer's Market for the city of St. Paul. When the city opened the sealed bids, it was initially determined that Shaw–Lundquist Associates had submitted the successful bid.

Shaw–Lundquist subsequently discovered a clerical error in the amount of $619,200, and the city permitted Shaw–Lundquist to raise its bid to cover the clerical error in the amount of $89,211. Because Shaw–Lundquist's modified bid remained the lowest, it received the contract for a total bid of $8,041,411.

Rochon sued the city, requesting that the district court void the contract. The district court granted summary judgment in part to Rochon, concluding that the city had violated competitive bidding laws by permitting Shaw–Lundquist to change its bid after the bids were unsealed. However, the district court declined to void the contract because it concluded that the change was not material. Rochon recovered its bid-preparation costs of $33,652 under the UMCL. Rochon appealed.

In the first appeal to this court, we reversed the district court's determination that the change was not material. *Rochon Corp. v. City of St. Paul*, 814 N.W.2d 365 (Minn.App.2012), *review denied* (Minn. July 14, 2012) (*Rochon I* ). We concluded that the city's action violated city ordinances and Minnesota caselaw designed to eliminate official discretion in competitive bidding and thus the change constituted a material contractual change. *Id.* at 368–69. We declared the city's contract with Shaw–Lundquist void and held that Rochon was entitled to a declaratory judgment. *Id.* at 370.

Following our decision, Rochon moved the district court for an award of costs, including attorney fees, in the amount of $50,038.40. Rochon claimed that Minnesota's private attorney general statute authorized the award. *See* Minn.Stat. § 8.31, subd. 3a (2012). The city countered that the UMCL prohibits such an award. The district court noted the "considerable amount of energy" the parties devoted to the interplay of the two statutes but ra-

tionalized that the "key requirement[ ]" was demonstrating that Rochon's requested relief would benefit the public. Concluding that Rochon failed to demonstrate a public benefit, and that such an award would be "simply punitive," the district court denied the motion. This appeal followed.

## ISSUE

Does Minn.Stat. § 471.345, subd. 14 (2012), which prohibits the award of attorney fees in municipal contracting cases, estop appellant's claim that it is entitled to attorney fees under Minnesota's private attorney general statute?

## ANALYSIS

The parties dispute the interplay of two statutory provisions. One statute prevents the recovery of attorney fees in municipal contract disputes while the other, on its face, purports to allow them. The UMCL provides, in relevant part: "In any action brought challenging the validity of a municipal contract under this section, the court shall not award, as any part of its judgment, damages, or attorney's fees, but may award an unsuccessful bidder the costs of preparing an unsuccessful bid." Minn.Stat. § 471.345, subd. 14. The allegedly competing provision, a section of Minnesota's private attorney general statute (Private AG statute), provides that, so long as the suit is one capable of being brought by the attorney general regarding unfair, discriminatory, or unlawful practices in business, commerce, or trade, a private litigant "may bring a civil action and recover damages, together with costs and disbursements, including costs of investigation and reasonable attorney's fees, and receive other equitable relief as determined by the court." Minn.Stat. § 8.31, subd. 3a. Qualifying for attorney fees under the Private AG statute is only the first

of a two-step process. A litigant must also demonstrate that its litigation protects public rights and preserves the interests of the state. *See Ly v. Nystrom,* 615 N.W.2d 302, 313–14 (Minn.2000) (concluding that the Private AG statute applies to causes of action that benefit the public). We conclude that Rochon is ineligible for attorney fees pursuant to the UMCL. Because our conclusion flows from the statutes themselves, and Rochon fails to qualify under the provisions of the Private AG statute, we need not address the district court's public-purpose analysis.

We review questions of statutory construction and interpretation de novo. *Curtis v. Altria Grp., Inc.,* 813 N.W.2d 891, 898 (Minn.2012). "The object of all interpretation and construction of laws is to ascertain and effectuate the intention of the legislature." Minn.Stat. § 645.16 (2012). The first step in statutory interpretation is to determine whether the statute's language is plain and unambiguous. *Am. Family Ins. Grp. v. Schroedl,* 616 N.W.2d 273, 277 (Minn.2000). "If the meaning of a statute is unambiguous, we interpret the statute's text according to its plain language. If a statute is ambiguous, we apply other canons of construction to discern the legislature's intent." *Brua v. Minn. Joint Underwriting Ass'n,* 778 N.W.2d 294, 300 (Minn.2010) (citation omitted). A statute is only ambiguous when its language is subject to more than one reasonable interpretation. *Schroedl,* 616 N.W.2d at 277. We interpret statutes to give effect to all of their provisions and will not render any word, phrase, or sentence to be meaningless or superfluous. *Id.* We construe statutes as a whole and "interpret each section in light of the surrounding sections to avoid conflicting interpretations." *Id.* In general, when two statutory provisions conflict, we construe particular provisions in one statute as exclusions to general provisions in the other. Minn.Stat. § 645.26 (2012).

■ As a threshold matter, both parties assert that the district court did not fully address the statutory interplay of the UMCL and the Private AG statute. Generally, an appellate court will not address matters not presented to, and considered by, the district court. *Thiele v. Stich,* 425 N.W.2d 580, 582 (Minn.1988). The parties jointly requested that we extend our appellate review in this case because it would serve the interests of justice. *See* Minn. R. Civ.App. P. 103.04. Such a step is unnecessary. The district court order demonstrates that the parties fully presented their arguments regarding the statutory interplay. The district court considered these arguments and proceeded to a public purpose analysis under the Private AG statute. Inherent in such an analysis is a conclusion that, in the district court's mind, Rochon was at least eligible for attorney fees under the Private AG statute; otherwise it would not have reached the public purpose question. *Stich* does not limit our appellate reach in this case and we need not rely on Minn. R. Civ.App. P. 103.04.[1]

---

1. The city also suggests that Rochon waived its claim for attorney fees in *Rochon I* because it "conceded that the [previous order] disposed of all claims by and against all parties including attorneys' fees." However, the city cites no authority for its proposition that what an appellant states in its statement of the case to this court can constitute waiver of an issue. *See Ganguli v. Univ. of Minn.,* 512 N.W.2d 918, 919–20 n. 1 (Minn.App.1994) (stating that we generally decline to address allegations unsupported by authority or argument). It is undisputed that Rochon requested attorney fees in its initial complaint and that it was not the clearly prevailing party, entitling it to properly request such relief, until our ruling in *Rochon I.* Also, the Minnesota Supreme Court has determined that motions for attorney fees are collateral to the merits. "[T]here is likely to be little, if any, harm caused by

It is undisputed that Rochon's complaint, on its face, posits two violations of the UMCL. Its first count cites a violation of the UMCL, chapter and verse, while its second states that the city "illegally conducted [a] public procurement." On these provisions alone it would appear Rochon's confinement to the UMCL and its prohibition on awarding attorney fees is clear. However, Rochon claims that the opening sentence of its complaint acts as a harbinger to its eligibility under the Private AG statute. "[Rochon], acting on its own behalf *and as a private attorney general ...* states and alleges as follows...." (Emphasis added).[2] Rochon contends that it is eligible for attorney fees, notwithstanding receiving its bid-preparation costs under the UMCL, because the city violated not only public-procurement law but also city ordinances and its own bidding instructions. Rochon alleges that this is exactly the type of unfair business practice that the Private AG statute is designed to address. *See* Minn.Stat. § 8.31, subd. 1, 3a. The city argues that even if such violations occurred, the violations fall within the UMCL and its prohibition on attorney fees. While Rochon's aim is nuanced, aiming to recover under the UMCL while simultaneously remaining eligible under the Private AG statute, we are persuaded that accepting Rochon's argument on these facts would result in the type of conflicting statutory interpretations that we are

charged to avoid. *Schroedl,* 616 N.W.2d at 277.

The Private AG statute provides private litigants the right to commence a civil action and recover damages if the claimed injury stems from a legal violation that would normally fall within the purview of the attorney general's investigatory powers. Minn.Stat. § 8.31, subds. 1, 3a. Such injuries include "unfair, discriminatory, and other unlawful practices in business, commerce, or trade." *Id.,* subd. 1. The statute contains a nonexhaustive list of applicable statutory sections. *Id.* The UMCL is not included. Because Rochon has already received bid-preparation costs under the UMCL, it must allege a viable additional claim falling within the Private AG statute to be eligible to recover under its provisions. Otherwise the UMCL's prohibition of awarding attorney fees will govern. *See* Minn.Stat. § 471.345, subd. 14. Rochon points to the city's violation of its own ordinances and instructions regarding the project. While these claims certainly allege unfair and unlawful practices, they fail to differentiate themselves from the governing tenets of the UMCL and its prohibition of awarding attorney fees.

■ The UMCL is unambiguous. When the costs of a public-contracting project exceed $100,000, bid solicitation must

waiting to resolve such collateral issues until the merits are resolved. We therefore conclude that the trial court retained jurisdiction to consider appellants' motion for attorney fees." *Kellar v. Von Holtum,* 605 N.W.2d 696, 700 (Minn.2000) (footnote omitted), *superseded by rule on other grounds,* Minn. R. Civ. P. 11.03. Rochon retained its ability to request attorney fees.

**2.** Rochon notes that we previously mentioned its status as a private attorney general in *Rochon I.* In discussing the posture of this case at that time we stated that "Rochon

commenced this lawsuit on its own behalf and under the private attorney general statute." *Rochon,* 814 N.W.2d at 367. However, nothing in that decision required us to analyze whether Rochon's claims as a private attorney general were valid. The focus in *Rochon I* was addressing the validity of the city's action and declaring the procurement contract void. *Id.* at 366. Our reference to Rochon suing on its own behalf and under the Private AG statute was merely a statement of fact, without analysis, as its complaint alleged a lawsuit under both provisions.

be in the form of "sealed bids" that are "subject to the requirements of the law governing contracts *by the particular municipality or class thereof.*" *Id.*, subd. 3 (2012) (emphasis added). This language incorporates into the UMCL any relevant city regulations or ordinances aimed at ensuring a fair bid-solicitation process. It is undisputed that the bid-solicitation costs of the current dispute, the Lofts at Farmer's Market, exceeded the $100,000 threshold. As a result, the UMCL governs the city's violation of St. Paul Ordinance § 82.02 and the city's instructions regarding sealed-bid modification. *See* St. Paul, Minn.Code of Ordinances, Part IV, Title IV, Ch. 82. § 82.02. Rochon does not allege or highlight any other violations.[3] Because the UMCL governs, Rochon's claims are subject to the requirement that "[a] court shall not award, as any part of its judgment, damages, or attorney's fees, but may award an unsuccessful bidder the costs of preparing an unsuccessful bid." *Id.*, subd. 14. Holding otherwise would render subdivision 3 meaningless.[4] *Schroedl*, 616 N.W.2d at 277.

Because Rochon failed to allege a legal violation not governed by the UMCL, it has failed to state a claim eligible for resolution under our Private AG statute. As a result, the UMCL limits Rochon's award to its previously awarded bid-preparation costs. Though the district court reached this result on separate rationale,

the outcome was correct. *See Warner v. E.C. Warner Co.*, 226 Minn. 565, 570, 33 N.W.2d 721, 724 (1948) (concluding that the district court will be sustained on appeal regardless of whether it provided the right reason for its decision).

## DECISION

The Minnesota Uniform Municipal Contract Law, which prohibits an award of attorney fees, governs appellant's claims. Because appellant failed to state an independent claim under Minnesota's private attorney general statute, that section's provision allowing for an award of attorney fees is not applicable.

**Affirmed.**

---

3. Rochon argues that Minnesota caselaw supports its claim that additional violations occurred due to the city's behavior. However, much of the cited caselaw is from before the UMCL was enacted, making it distinguishable. Rochon's original complaint identifies only alleged violations of the UMCL, St. Paul City Ordinance § 82.02, and the city's bid-preparation instructions.

4. Rochon contends that had the legislature intended this result it would have prohibited the award of attorney fees in all actions challenging the validity of municipal contracts,

rather than limiting subdivision 14's prohibition to UMCL actions. The resolution of "[i]ssues which have no existence other than in the realm of future possibility are purely hypothetical and are not justiciable." *Lee v. Delmont*, 228 Minn. 101, 110, 36 N.W.2d 530, 537 (1949). Because Rochon has failed to allege a violation not governed by the UMCL, it has failed to state an additional claim eligible under our Private AG statute. Resolution of other alleged legislative intent is, at this point, hypothetical.