*This opinion will be unpublished and
may not be cited except as provided by
Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A15-0211**

In the Matter of:
Ashley Rose Henke and o/b/o I.J.S.-H. and M.J.S.-H., petitioner,
Respondent,

vs.

Kidane Sante Shulbe,
Appellant.

**Filed August 31, 2015
Affirmed; motion denied
Bjorkman, Judge**

St. Louis County District Court
File No. 69DU-FA-14-775

Ashley Rose Henke, Cloquet, Minnesota (pro se respondent)

Kidane S. Shulbe, Hastings, Minnesota (pro se appellant)

Considered and decided by Hudson, Presiding Judge; Bjorkman, Judge; and

Toussaint, Judge.[*]

_____

[*] Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to
Minn. Const. art. VI, § 10.

UNPUBLISHED OPINION

**BJORKMAN**, Judge

Appellant challenges an order for protection (OFP), arguing that his stipulation to entry of the OFP without a finding of domestic abuse was not knowing and voluntary. We affirm.

**FACTS**

Appellant Kidane Shulbe and respondent Ashley Henke were involved in a long-term relationship until 2011, and share custody of their two minor children. In August 2014, Henke petitioned for an OFP against Shulbe, alleging that he had a history of unstable and threatening behavior and recently refused to return the children to her as required by the custody order. Henke did not obtain an ex parte OFP, but the district court granted a hearing on her petition.

Both parties appeared pro se at the hearing, but Henke was accompanied by a domestic-abuse advocate. Henke testified that she ended her relationship with Shulbe "because of physical and emotional abuse." She described conflicts that had regularly occurred during parenting-time exchanges, describing the exchanges as "rough," and alleging that Shulbe often videotaped her and once hit her in front of the children. Henke explained that her greatest concern was that Shulbe would not return the children at the end of his scheduled parenting time. This concern was realized just prior to filing the petition, when Shulbe refused to return the children to Henke for three days, before finally leaving them with her parents. The domestic-abuse advocate also spoke on

Henke's behalf, reiterating concerns about past abuse and recommending that parenting-time exchanges be supervised.

Shulbe denied the allegations of abuse and made numerous allegations of his own, including that Henke had physically abused him and that their children were not safe in her care. The district court reminded Shulbe that the purpose of the hearing was to address Henke's allegations against him and that he had not filed a similar petition against her. And the court expressed concern that Shulbe's child-safety allegations threatened to turn the hearing into a "mini child protection trial" and exceeded the scope of the proceeding by raising parenting-time issues unrelated to Henke's abuse allegations. The district court then proposed issuing an order, without a finding of domestic abuse, that required supervised parenting-time exchanges. After a lengthy discussion regarding how supervision could be implemented, the parties agreed to this proposal.

Pursuant to the parties' stipulation, the district court issued an OFP that expressly stated that Shulbe did not object to the OFP and that the court made no finding that domestic abuse had occurred. The order included the parties' agreement to supervised parenting-time exchanges, provided that the existing parenting-time schedule would remain in effect, and limited contact between the parties to "respectful, brief, and limited" text messages concerning the children and parenting time. The district court reviewed these provisions of the OFP on the record and asked whether he missed anything. Shulbe responded, "That's perfect," and received a copy of the signed OFP before he left the courtroom.

3

Shulbe moved to vacate the OFP, asserting that he had only stipulated to supervised parenting-time exchanges, and did not agree to an OFP. Following a hearing, the district court denied the motion. Shulbe appeals.

**D E C I S I O N**

District courts are authorized to issue an OFP against a family or household member to "restrain the abusing party from committing acts of domestic abuse." Minn. Stat. § 518B.01, subd. 6(a)(1) (2014). To establish domestic abuse, a party must show "present harm or an intention on the part of the [alleged abuser] to do present harm." *Chosa ex rel. Chosa v. Tagliente*, 693 N.W.2d 487, 489 (Minn. App. 2005). We review a district court's issuance of an OFP for abuse of discretion. *Id.*

Shulbe urges this court to reverse and dismiss the OFP because he misunderstood the import of his stipulation. He asserts that he agreed only to implement supervised parenting-time exchanges, not to entry of an OFP. We are not persuaded.

First, Shulbe was brought into court for a hearing on Henke's OFP petition. The district court advised the parties of this fact and reminded Shulbe throughout the hearing that its scope was confined to the issues raised by Henke's petition against him. Second, while much of the discussion at the hearing focused on possible resolution of the conflict between the parties through supervised parenting-time exchanges, the district court clearly framed the issue in the context of an OFP order. The district court specifically proposed doing "an order, without a finding, that says we're going to have supervised exchanges." And the record reflects that Shulbe affirmatively and unequivocally agreed to this option.

4

Third, at the end of the hearing, the district court reviewed the terms of the stipulated order with the parties, stating, "So, here's what we got. So, no in person contact, but no finding that domestic abuse occurred." The district court then went on to list remaining terms of the order, to which Shulbe responded, "That's perfect." Finally, as the district court noted in its order denying the motion to vacate, Shulbe was served with the OFP order at the conclusion of the hearing, had an opportunity to review it, and acknowledged its receipt. On this record, we conclude that there is ample support for the district court's finding that Shulbe voluntarily and knowingly stipulated to the OFP. *See Hafner v. Hafner*, 237 Minn. 424, 431, 54 N.W.2d 854, 858 (1952) (stating whether a party mistakenly consented to stipulation was question of fact).

Shulbe also challenges Henke's abuse allegations, the district court's authority to order supervised parenting-time exchanges, and the propriety of allowing the domestic-abuse advocate to participate in the hearing. These arguments are unavailing. The district court issued the OFP without a finding of domestic abuse based on the stipulation of the parties. Accordingly, Shulbe's challenge to the veracity of Henke's allegations is irrelevant. Likewise, Shulbe's argument that the district court lacked the authority to order supervised parenting-time exchanges is undermined by the undisputed fact that he agreed that the court should do so. And the law affords a district court broad discretion to decide issues presented in OFP cases, including parenting-time questions. *See* Minn. Stat. § 518B.01, subd. 6 (2014) (outlining broad forms of relief district court may grant in OFP proceedings, including authority to address parenting-time issues); *Olson v. Olson*, 534 N.W.2d 547, 550 (Minn. 1995) (recognizing district court's broad discretion to

5

decide parenting-time questions based on the best interests of child).  Finally, our supreme court expressly authorized domestic-abuse advocates to attend OFP hearings, confer with the victim and "at the judge's discretion, address the court." *In re Domestic Abuse Advocates*, No. C2-87-1089 (Minn. Feb. 5, 1991).  Here, the domestic-abuse advocate's comments were limited to repeating general concerns about past abuse and recommending supervised parenting-time exchanges.  We discern no abuse of discretion. Moreover, we cannot conclude that the domestic-abuse advocate's participation unduly prejudiced Shulbe when he voluntarily agreed to both the OFP and supervised parenting-time exchanges.  In sum, none of Shulbe's additional arguments convince us that the district court abused its discretion by granting the OFP. [1]

**Affirmed; motion denied.**

---

[1] By motion, Shulbe also requests removal of the referee and the chief judge of the district court from this case and a related matter.  Shulbe has not provided proof of service of his motion.  *See* Minn. R. Civ. App. P. 127 (requiring service of any motion seeking relief from the appellate courts).  Furthermore, the removal question is not properly before us as Shulbe did not seek that relief in district court.  *See Thiele v. Stich*, 425 N.W.2d 580, 582 (Minn. 1988).  Accordingly, we deny Shulbe's motion.