*This opinion will be unpublished and
may not be cited except as provided by
Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A15-0499**

In the Matter of the Welfare of the Child of:
A. N. L., a/k/a A. N. N. L., Parent.

**Filed October 26, 2015
Affirmed
Reyes, Judge**

Hennepin County District Court
File No. 27JV138863

Mary F. Moriarty, Chief Hennepin County Public Defender, Paul J. Maravigli, Assistant
Public Defender, Minneapolis, Minnesota (for appellant A.N.L.)

Michael O. Freeman, Hennepin County Attorney, Cory A. Carlson, Assistant County
Attorney, Minneapolis, Minnesota (for petitioner Hennepin County Human Services and
Public Health Department)

Jody M. Alholinna, El-Ghazzawy Law Offices, Minneapolis, Minnesota (for guardian ad
litem)

Considered and decided by Reyes, Presiding Judge; Connolly, Judge; and Rodenberg, Judge.

# UNPUBLISHED OPINION

**REYES**, Judge

Appellant-mother challenges the district court's termination of her parental rights.

We affirm.

**FACTS**

Appellant gave birth to daughter A.J.N. on November 18, 2013, in a shelter that she was living in at the time. A.J.N. is the subject of the termination of parental rights (TPR) underlying this appeal.

A.J.N. was placed in foster care on November 21, 2013, and the Hennepin County Human Services and Public Health Department (the department) filed a TPR petition. The department had many concerns regarding appellant's previous child-protection involvement, including the involuntary termination of parental rights to her other three children, as well as her propensity toward anger. On December 4, 2013, the district court placed A.J.N. with appellant's aunt and uncle, B.P. and J.P., on an emergency basis, pursuant to Minn. Stat. § 245A.035 subd. 1 (2014). After A.J.N.'s placement with B.P. and J.P., appellant began visiting her daughter twice weekly. Appellant was working with an individual therapist, completed a psychological assessment and a parenting assessment, and worked with an in-home parenting worker for three weeks. In January 2014, appellant tested positive for tetrahydrocannabinol.[1] This was appellant's only urine analysis on record. She did not complete a chemical-health or psychiatric assessment. On February 14, 2014, the parties stipulated to a transfer of legal custody (transfer) of A.J.N. to B.P. and J.P. rather than terminating appellant's parental rights.

During the summer of 2014, both the department and guardian ad litem (GAL) supported the transfer as being in the best interests of A.J.N. But soon after, the department foster-care-licensing social worker informed the court via court notification

---

[1] Tetrahydrocannabinol is commonly known as an indicator of marijuana in the system.

that Anoka County was unable to license B.P. due to criminal charges. Consequently, the court ordered that A.J.N. be removed from B.P.'s and J.P.'s home.

On November 14, 2014, the matter proceeded to trial on the TPR petition. The department and the GAL testified that it was in the child's best interests to be in a "permanent, stable, safe living environment. . ." and that "reunification would not be in the best interests of [A.J.N.] at this time." Appellant did not testify, did not call any witnesses on her behalf, and made no arguments demonstrating her fitness as a parent presently or in the foreseeable future. Appellant also failed to offer B.P. or J.P. as prospective custodians for a transfer of A.J.N.

The district court found that appellant did not present evidence at trial to rebut the presumption of palpable unfitness. In addition, the district court found that (1) reasonable efforts were made to place the child with a relative foster parent who was ultimately not able to be licensed for foster care; (2) appellant is palpably unfit to be a party to the parent-child relationship; and (3) termination of appellant's parental rights was in the best interests of the child. The district court determined that appellant's rights should be terminated pursuant to Minn. Stat. § 260C.301, subd. 1(b)(4) (2014). This appeal follows.

## D E C I S I O N

### I. Standard of review

Parental rights may only be terminated for "grave and weighty reasons." *In re Welfare of Child of J.K.T.*, 814 N.W.2d 76, 87 (Minn. App. 2012) (quotation omitted). We will affirm if a statutory ground for termination is supported by clear and convincing

3

evidence and termination of parental rights is in the minor child's best interests. *In re Children of T.R.*, 750 N.W.2d 656, 661 (Minn. 2008) (citation omitted).

> [Appellate courts] review the termination of parental rights to determine whether the district court's findings address the statutory criteria and whether the district court's findings are supported by substantial evidence and are not clearly erroneous. We give considerable deference to the district court's decision to terminate parental rights. But we closely inquire into the sufficiency of the evidence to determine whether it was clear and convincing. We affirm the district court's termination of parental rights when at least one statutory ground for termination is supported by clear and convincing evidence and termination is in the best interests of the child, provided that the county has made reasonable efforts to reunite the family.

*In re Welfare of Children of S.E.P.*, 744 N.W.2d 381, 385 (Minn. 2008) (citations omitted). However, a district court may involuntarily terminate parental rights when the parent is palpably unfit. Minn. Stat. § 260C.301, subd. 1(b)(4) (2014).

**II.     The district court did not err in finding that appellant is palpably unfit.**

In general, the natural parent is presumed to be fit and suitable to be entrusted with the care of his or her child. *In re Welfare of D.L.R.D.*, 656 N.W.2d 247, 250 (Minn. App. 2003). However, parental rights may be terminated under Minn. Stat. § 260C.301, subd. 1(b)(4), if a district court finds by clear and convincing evidence that the parent is palpably unfit to be a party to the parent and child relationship. *In re Children of T.A.A.*, 702 N.W.2d 703, 708 (Minn. 2005). A parent is presumed palpably unfit if that parent had his or her parental rights involuntarily terminated in a previous proceeding under Minnesota law or a similar law of another jurisdiction. *Id.*

Here, appellant's parental rights to her two oldest children were involuntarily terminated in Texas in 2009. Her parental rights to a third child were involuntarily terminated in Minnesota in 2012. As such, the district court properly applied the presumption of palpable unfitness to appellant.

Once the presumption of palpable unfitness applies, the parent has the burden to rebut that presumption. *D.L.R.D.*, 656 N.W.2d at 250. "[T]he district court need not establish independent reasons for termination." *Id.* The Minnesota Supreme Court recently noted that the presumption of palpable unfitness is "easily rebuttable," and the parent can satisfy this burden by demonstrating an improvement in his or her parenting skills. *In re Welfare of Child of R.D.L.*, 853 N.W.2d 127, 137 (Minn. 2014); *In re Welfare of Child of D.L.D.*, 771 N.W.2d 538, 545 (Minn. App. 2009).

Appellant argues that, while there was no evidence or testimony presented at trial to rebut the presumption of palpable unfitness, she no longer needed to comply with the case plan because she agreed to a transfer. The district court found that the department offered appellant a voluntary case plan, but she failed to substantially comply with the recommendations, including addressing mental-health and anger-management issues. The record reflects that appellant continued seeing a therapist, but she was unwilling to continue with any of the other services offered.

In its conclusions of law, the district court correctly identified that the statutory presumption of palpable unfitness places the burden of production on the parent. The district court concluded that appellant did not rebut this presumption. The district court stated:

> Respondent mother failed to testify at trial, failed to call any witnesses on her behalf, failed to introduce any exhibits, and presented no evidence at trial demonstrating that she is able to successfully and safely parent the minor child [A.J.N] at the present or reasonably foreseeable future. There was no evidence presented that the conditions that led to the previous terminations, and the incidents that led to the opening of this case, have been rectified.

The district court found that the "[r]espondent [m]other's belief that she transferred custody may be an explanation for why she stopped working her case plan but it is not a rebuttal to the presumption that she is palpably unfit." The district court's finding that appellant failed to overcome the presumption of unfitness is supported by the record and is not clearly erroneous.

**III.** **The district court did not err in finding that termination of appellant's parental rights was in the best interests of the child.**

In determining the best interests of a child, the court considers and evaluates all relevant factors including the "relationship between the child and relatives. . .with whom the child has resided." Minn. Stat. § 260C.511(a), (b) (Supp. 2015). Similarly, under Minn. Stat. § 260C.212, subd. 2(a), (1) (2014), a child taken out of his or her home by the department shall preferably be placed with a relative related by blood based on "the needs of the child," including the "child's relationship to current caretakers." However, in determining placement for a child, Minnesota law requires that a foster parent be licensed. Minn. Stat. § 245A.03 subd. 1(2) (Supp. 2015). A child cannot be placed in a home that is not licensed, and a child who is living in a home that is later found to be unlicensable must be removed from the unlicensed home. *Id.* A foster parent is not licensable when there has been a conviction or admission to a disqualifying crime under

6

Minn. Stat. § 245C.15 (2014), or when the department commissioner determines, by a preponderance of the evidence, that the foster parent has committed a disqualifying crime pursuant to Minn. Stat. §245C.14, subd. 1(a)(2) (2014).

Here, the department determined that B.P. was not licensable because B.P. was charged with malicious punishment of a child and assault in the fifth degree. Therefore, based on this determination, B.P. was precluded from being a foster mother and from caring for A.J.N. Based on the department's determination, the district court ordered the removal of A.J.N. from B.P.'s home. Appellant argues, however, that, because B.P. was never convicted of these crimes and the related order of protection was also rescinded, the district court should have determined that it was in the child's best interests to remain with B.P. We disagree. Appellant failed to come forward with evidence that the commissioner and district court erred in determining by a preponderance of the evidence that B.P. engaged in a disqualifying crime that made her unlicensable.

Appellant further challenges the sufficiency of the evidence relating to the best interests of the child. Appellant did not make any arguments at trial regarding B.P. as a suitable custodian nor did she propose any other suitable family members as a potential custodian for A.J.N. A "reviewing court must generally consider 'only those issues that the record shows were presented and considered by the trial court in deciding the matter before it.'" *Thiele v. Stich*, 425 N.W.2d 580, 582 (Minn. 1988) (citation omitted). But under Minn. R. Juv. P. Proc. 45.03 "[t]he question of sufficiency of the evidence to support the findings may be raised whether or not the party raising the question has made in the district court an objection to such findings or has made a motion to amend the

7

order." Appellant must prove that the best interests of the child were not served by termination of parental rights as opposed to transfer of legal custody by leaving the child in B.P.'s care and that the district court's determination based on the evidence was not clear and convincing. *S.E.P.*, 744 N.W.2d 381, 385 (Minn. 2008) (citations omitted).

Here, appellant argues that the TPR was an inappropriate step to take given that there was insufficient evidence to support the best-interests-of-the-child determinations, and that taking the child from B.P's home was inappropriate. Appellant cites to *Zahler v. Minn. Dept. of Human Serv.*, 624 N.W.2d 297 (Minn. App. 2001) for support. But that case is inapposite. There, the issue was review of a maltreatment determination by the commissioner of the department of human services, not a TPR or a best-interests analysis. *Id.* at 301-303.

Finally, appellant argues that one of the factors in determining the best interests of the child is the preference for keeping the child with a family member and that this fact-based determination trumps the legal basis that the district court and the department used in determining whether a foster parent is licensable. *Id.* But the court found that the department made reasonable efforts to finalize a permanency plan for the child. This included conducting a diligent search for relatives and placing the child with a relative as a foster parent on an emergency basis, but that relative was not licensable. Under Minn. Stat. § 245A.03, a foster parent must be licensable in order to foster a child and may no longer qualify once determined to be unlicensable. *Id.*

In sum, the district court properly applied the statutory presumption of palpable unfitness and did not err in finding that appellant failed to rebut the presumption. The

record supports the district court's determinations that appellant is palpably unfit and that termination of appellant's parental rights is in the best interests of the child.

**Affirmed.**