*This opinion will be unpublished and may not be cited except as provided by Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A15-1440**

Adrianne Robbennolt and obo minor child, petitioner,
Respondent,

vs.

Sandi Weigum,
Appellant.

**Filed April 18, 2016
Affirmed; motion denied
Peterson, Judge**

Ramsey County District Court
File No. 62-HR-CV-15-130

Adrianne Robbennolt, St. Paul, Minnesota (pro se respondent)

Sandi Weigum Grob, Kalispell, Montana (pro se appellant)

Considered and decided by Ross, Presiding Judge; Peterson, Judge; and Reyes, Judge.

# U N P U B L I S H E D   O P I N I O N

**PETERSON**, Judge

Pro se appellant challenges a harassment restraining order (HRO) granted to pro se respondent and her minor child. Appellant also filed a motion in this court asking us to consider materials that were not filed in the district court. We deny appellant's motion and affirm the HRO.

## FACTS

Appellant Sandi Weigum Grob is the paternal grandmother of respondent-mother Adrianne Robbennolt's minor child, J.G. On April 1, 2015, mother petitioned for an HRO on behalf of herself and J.G. Mother alleged that grandmother, while falsely claiming to be mother's mother, baselessly called the Saint Paul Police Department to request a welfare check on mother's home, and the police found the check unwarranted. According to mother, this was the second such call to the Saint Paul Police Department in the past year, and grandmother also called the West Saint Paul Police Department and Dakota County Child Protection in 2013, which resulted in two more welfare checks. Mother also alleged that, in a telephone conversation with mother, grandmother stated that she would continue to make such calls in the future.

Mother further alleged that (1) J.G. expressed to her that he does not desire a relationship with grandmother and he has anxiety because of grandmother's phone calls and the welfare checks, and (2) J.G. does not want to speak with grandmother by phone because he does not need to be "saved" and does not like the negative things grandmother says about mother and her family.

On April 1, 2015, the district court granted a temporary ex parte HRO (THRO). Within days, grandmother was served with a copy of the THRO and was informed of her right to request a hearing. Grandmother requested a hearing but asked that she be allowed to appear by telephone because she lives in Montana. The court granted grandmother's request and scheduled an initial telephone hearing for May 20, 2015, but stated that grandmother must appear in person for all future hearings. The district court also stated

2

that if grandmother "fail[ed] to be available by phone for the hearing, the court may grant whatever [relief mother] has requested."

On May 20, 2015, mother and J.G. appeared for the hearing, but grandmother did not answer the district court's telephone call. The district court granted an HRO, effective for two years. In the May 20, 2015 order, the district court incorporated mother's allegations as its findings of fact and found that grandmother's actions constituted "harassment," that "has or is intended to have a substantial adverse effect on [p]etitioner's safety, security, or privacy."

In June 2015, grandmother moved to have the HRO dismissed. Grandmother stated that she purchased a new telephone before the May 20 hearing, but it malfunctioned when the district court tried to call. The district court granted grandmother's request for a telephone hearing and, after mother requested a continuance, scheduled a hearing for July 29, 2015.

It is unclear how long the July 29 hearing lasted, but the district court found that both parties had notice of the hearing and that:

> [Grandmother] stated that she will [not] appear in person in Minnesota for an evidentiary hearing. [Grandmother] has been on notice since the order dated May 15, 2015 that she would have to appear in person for all subsequent hearings. [Grandmother's] request to appear by telephone at an evidentiary hearing should be denied as it does not allow for [grandmother's] credibility to be fully assessed. [Grandmother's] motion dated June 9, 2015 to dismiss this matter should be denied as [grandmother] stated that she will not be present in person if an evidentiary hearing is scheduled.

3

The district court denied grandmother's motion to dismiss the HRO and ordered that the May 20, 2015 HRO remain in effect. Grandmother appeals.

**D E C I S I O N**

"[T]he issuance of an HRO is reviewed for abuse of discretion." *Peterson v. Johnson*, 755 N.W.2d 758, 761 (Minn. App. 2008). We will not disturb the district court's findings of fact "unless [they are] clearly erroneous, and due regard is given to the district court's opportunity to judge the credibility of witnesses." *Id.* (quotation omitted); *see* Minn. R. Civ. P. 52.01. "The determination of what constitutes an adequate factual basis for a harassment order is left to the discretion of the district courts." *Kush v. Mathison*, 683 N.W.2d 841, 846 (Minn. App. 2004), *review denied* (Minn. Sept. 29, 2004). "[T]his court will reverse the issuance of a restraining order if it is not supported by sufficient evidence." *Id.* at 844.

Grandmother contends that the district court's findings of fact that incorporate the allegations made in mother's petition, are clearly erroneous. But grandmother refused to appear for an evidentiary hearing, and there is no transcript or other evidentiary record that she cites to establish errors in the findings. *See Loth v. Loth*, 227 Minn. 387, 392, 35 N.W.2d 542, 546 (1949) (stating that "[i]t is well to bear in mind that on appeal error is never presumed. It must be made to appear affirmatively before there can be reversal." (quotation omitted)). Furthermore, the district court's adoption of the allegations in mother's petition demonstrates an implied credibility determination. *See Pechovnik v. Pechovnik*, 765 N.W.2d 94, 99 (Minn. App. 2009) (noting that the district court's findings "implicitly indicate[d]" that it found certain evidence credible). It is well settled that this

4

court defers to a district court's credibility determinations. Minn. R. Civ. P. 52.01; *Peterson*, 755 N.W.2d at 761. Without a transcript or other documents or exhibits to review, we defer to the district court's credibility determinations and its findings.

As part of her argument that the district court's findings are clearly erroneous, grandmother filed correspondence with this court, including medical records relating to J.G., and a motion requesting "inspection of previously submitted medical records." Appellate courts generally do not consider new evidence, and appellate review is limited to documents and exhibits that were filed in the district court, plus any transcripts from district court proceedings. *See Thiele v. Stich*, 425 N.W.2d 580, 583 (Minn. 1988) (stating that appellate courts do not consider new evidence on appeal); *see also* Minn. R. Civ. App. P. 110.01 (defining the record on appeal). Our thorough review of the district court record shows that these materials were not filed in or considered by the district court when it issued the HRO. Therefore, the materials are not properly before us, and we deny grandmother's motion.

Grandmother also argues that the district court's findings do not support the issuance of an HRO. We disagree. A district court may issue an HRO if the district court finds "that there are reasonable grounds to believe that the respondent has engaged in harassment." Minn. Stat. § 609.748, subd. 5(b)(3) (2014). The statute defines "harassment," in relevant part, as:

> [R]epeated incidents of intrusive or unwanted acts, words, or gestures that have a substantial adverse effect or are intended to have a substantial adverse effect on the safety, security, or privacy of another, regardless of the relationship between the actor and the intended target.

Minn. Stat. § 609.748, subd. 1(a)(1) (2014).

"Harassment," as defined by the statute, requires proof of (1) "objectively unreasonable conduct or intent on the part of the harasser," and (2) "an objectively reasonable belief on the part of the person subject to harassing conduct." *Peterson*, 755 N.W.2d at 764 (quotations omitted). "[W]hether certain conduct constitutes harassment may be judged from both an objective standard, when assessing the effect the conduct has on the typical victim, and a subjective standard, to the extent the court may determine the harasser's intent." *Kush*, 683 N.W.2d at 845. In its May 20, 2015 order, the district court incorporated the "contents of [mother's] petition . . . as findings of fact," and found that the allegations met the statutory threshold for harassment.

Mother's petition states that grandmother's actions have resulted in four unwanted, and unfounded, visits from the authorities to mother's home, resulting in distress to mother and her children and intrusion into their home. Mother also alleged that grandmother stated to her that she would continue to make such calls. Mother's petition also claims that grandmother has called J.G.'s maternal grandmother in the past and has threatened to "take [J.G.]" the next time he visits Montana.

With respect to J.G., mother's petition states that J.G. has been distressed because of (1) the erroneous welfare checks, (2) the feeling that he "has" to speak with grandmother, and (3) the negative things that grandmother says about mother and her family. J.G. has also expressed that he does not want a relationship or further contact with grandmother.

6

The allegations in mother's petition support the district court's order granting the HRO. Grandmother's repeated calls to the authorities constitute "repeated incidents of intrusive or unwanted acts" that have had a substantial adverse effect on the "privacy" of mother and J.G. *See* Minn. Stat. § 609.748, subd. 1(a)(1). The district court's determination that grandmother's actions constituted "harassment" warranting an HRO was not an abuse of discretion. *See Kush*, 683 N.W.2d at 846.

Grandmother argues that, because she is J.G.'s paternal grandmother, an HRO is not warranted. But the statute's definition of harassment explicitly applies "regardless of the relationship between the actor and the intended target." Minn. Stat. § 609.748, subd. 1(a)(1). Because the district court had reasonable grounds to believe that grandmother has engaged in harassment, it did not abuse its discretion in granting the HRO.

**Affirmed; motion denied.**