*This opinion will be unpublished and
may not be cited except as provided by
Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A16-0156**

Mahmoud Soltan,
Relator,

vs.

Columbia Sussex Management, LLC, WB Hotel Partners, LLC,
Respondent,

Department of Employment and Economic Development,
Respondent.

**Filed August 15, 2016
Affirmed as modified
Connolly, Judge**

Department of Employment and Economic Development
File No. 32839404-4

Mahmoud Soltan, Minnetonka, Minnesota (pro se relator)

Columbia Sussex Management, LLC, Crestview Hills, Kentucky; and

WB Hotel Partners, LLC, Bloomington, Minnesota (respondents)

Lee B. Nelson, Tim C. Schepers, Minnesota Department of Employment and Economic
Development, St. Paul, Minnesota (for respondent department)

        Considered and decided by Worke, Presiding Judge; Ross, Judge; and Connolly,

Judge.

**CONNOLLY**, Judge

Relator challenges an overpayment determination, arguing that (1) he did not receive notice of an overpayment separate from a fraud-penalty notice that was determined in his favor, and (2) he does not have to repay overpayments because he was cleared of fraud. We affirm as modified.

## FACTS

On November 17, 2013, relator Mahmoud M. Soltan opened an unemployment-benefit account with a $506 weekly benefit. On September 3, 2015, the Minnesota Department of Employment and Economic Development (DEED) sent a determination of ineligibility for overpayment of unemployment benefits (overpayment determination), listing the dates and amounts of overpaid benefits.[1] DEED informed relator that the overpayment determination "result[ed] in an overpayment of unemployment benefits in the amount of $6,030[,]" and that "[t]he Unemployment Insurance Program will take action to collect the overpaid unemployment benefits." DEED determined that relator owed $6,030 based upon the eligibility requirements provided in Minn. Stat. § 268.085 (2014). On the same date, DEED issued a "Determination of Ineligibility Fraud Determination" (fraud determination). The fraud determination stated that "[relator] was paid unemployment benefits because [he] misrepresented, misstated, or failed to disclose a material fact." Pursuant to Minn. Stat. § 268.18 (2014), DEED issued a $2,412 fraud penalty.

---

[1] Relator's earnings from November 17, 2013 through August 16, 2014 are at issue.

On September 14, 2015, relator appealed the fraud determination.[2] On October 1, 2015, relator received a notice of hearing for the overpayment determination and a notice of hearing for the fraud determination. The hearings were combined and occurred on October 16, 2015. At no time during either hearing did relator, or his representative,[3] dispute any earnings reported by relator's employers.

On November 3, 2015, an unemployment-law judge (ULJ) issued findings of fact and a decision for the overpayment determination concluding that relator received a net overpayment of $4,437 and requiring relator to pay $4,765 to the Minnesota Unemployment Insurance Trust Fund (trust fund). On the same day, the ULJ also determined that relator did not commit fraud, and reversed DEED's assessment of the $2,412 fraud penalty. On November 9, 2015, the ULJ issued an amended findings of fact and decision for both the overpayment determination and fraud determination because of an error involving one week of earnings. The amended overpayment determination increased the amount relator owes to $5,071.

On December 4, 2015, relator requested reconsideration. Relator argued that he did not need to repay unemployment benefits because the ULJ decided the fraud determination appeal "in his favor." On January 5, 2016, the ULJ affirmed his decisions issued on

---

[2] DEED treated the appeal as an appeal of both the overpayment determination and fraud determination. *See* Minn. Stat. § 268.103, subd. 2(b) (2014).

[3] Relator's wife, a nonattorney, acted as his representative during the ULJ hearing. Minn. Stat. § 268.105, subd. 6(a) (2014) allows the relator to be represented by an authorized representative. The authorized representative can be a nonattorney provided the representative does not charge a fee of any kind. *Id.*

November 9, 2015, stating relator owed $5,081.[4]  On January 27, 2016, relator filed a petition for writ of certiorari.

## DECISION

"[We] view[] the ULJ's factual findings in the light most favorable to the decision. [We] also give[] deference to the credibility determinations made by the ULJ.  As a result, [we] will not disturb the ULJ's factual findings when the evidence substantially sustains them."  *Peterson v. Nw. Airlines, Inc.*, 753 N.W.2d 771, 774 (Minn. App. 2008) (citations omitted), *review denied* (Minn. Oct. 1, 2008).

On appeal relator argues that he never received the overpayment determination, and therefore the overpayment determination is not properly before this court.  Relator never raised the issue below, so it cannot be raised here.  *See Thiele v. Stich*, 425 N.W.2d 580, 582 (Minn. 1988) (citations omitted) ("A reviewing court must generally consider only those issues that the record shows were presented and considered by the trial court in deciding the matter before it.").

Relator also argues he should not have to repay an overpayment of unemployment benefits because he was not found to have committed fraud.  We disagree.  The ULJ did not err by requiring relator to repay his overpayments.  Minn. Stat. § 268.18, subd. 1, titled "[n]onfraud overpayment," states, "[a]ny applicant who . . . because of [a ULJ's] decision . . . has received any unemployment benefits that the applicant was held not entitled to, must promptly repay the unemployment benefits to the trust fund."

---

[4] This is a typographical error. The correct amount owed is $5,071 assessed in the November 9, 2015 amended findings of fact and decision.

Relator argues that "the ULJ determin[ation] that I did not commit fraud result[s] in an overpayment of [u]nemployment [b]enefits in the amount of $0." However, Minn. Stat. § 268.18, subd. 1, specifically applies in situations where an overpayment has been made but no fraud has been committed. *Cf.* Minn. Stat. § 268.18, subd. 2(a) (requiring any applicant who fraudulently receives unemployment benefits to repay illegally obtained benefits in addition to a penalty).

Relator cites to *Cole v. Dep't of Emp't & Econ. Dev.*, No. A06-0366, 2006 WL 3593200, at *2-3 (Minn. App. Dec. 12, 2006), to argue that because he did not commit fraud he does not have to repay any overpayment of unemployment benefits. We first note that *Cole* is an unpublished decision and therefore not binding. *See* Minn. Stat. § 480A.08 subd. 3(c) (2014) (stating that "[u]npublished opinions of the Court of Appeals are not precedential."). In any event, relator's reliance on this case is misplaced. In *Cole*, this court affirmed the ULJ's finding of an overpayment of unemployment benefits, which required repayment to the trust fund.

In this case, relator does not argue that the ULJ's findings on earnings are incorrect. In fact, relator's representative stated, "[y]eah, there's no dispute over the numbers . . . ." Because relator admits to receiving an overpayment of unemployment benefits and because Minn. Stat. § 268.18, subd. 1(a), requires all overpayments be repaid to the trust fund, we hold that relator is required to repay his overpayments to the trust fund regardless of the fact that the ULJ concluded that relator did not commit fraud.

We affirm the ULJ's decision but modify it to correct the amount relator owes the trust fund to $5,071.

**Affirmed as modified.**