*This opinion will be unpublished and may not be cited except as provided by Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A16-0436**

A-1 Construction, Inc.,
Relator,

vs.

Department of Employment and Economic Development,
Respondent

**Filed November 14, 2016
Affirmed
Worke, Judge**

Department of Employment and Economic Development
File No. 31842882-4

Shawn Brent Reed, Maki & Overom, Ltd., Duluth, Minnesota (for relator)

Lee B. Nelson, Timothy C. Schepers, Minnesota Department of Employment and Economic Development, St. Paul, Minnesota (for respondent department)

Considered and decided by Peterson, Presiding Judge; Worke, Judge; and Hooten, Judge.

**U N P U B L I S H E D   O P I N I O N**

**WORKE**, Judge

Relator-employer challenges a determination by an unemployment-law judge (ULJ) that construction workers were employees rather than independent contractors because they failed to submit invoices in the names of their business entities. We affirm.

**FACTS**

Following an audit, respondent Department of Employment and Economic Development (DEED) sent relator A-1 Construction, a residential remodeler owned by James Perrault, a determination that relator had misclassified several workers as independent contractors in 2012. Relator disagreed, and a ULJ held a hearing.

Following the hearing, the ULJ determined that relator appropriately classified several workers as independent contractors. However, the ULJ determined that some of the workers with business entities were employees because they failed to submit invoices to relator in the names of their business entities. Specifically, some of the workers submitted job work orders that had "Jim Perrault Construction" printed on the top, and a space for the "mechanic," the person performing the work, to insert a name. Shane Andrews, owner of Andrews Exteriors, submitted relator's job work orders with "Shane" as the mechanic. Keith Davidson, owner of Davidson Exteriors LLC, similarly submitted relator's job work orders with just a first name notation. Gary Howen, owner of Gary Howen Construction LLC, submitted relator's job work orders with "Gary" or "Gary Howen" written on them. Darren Hawpetoss, owner of Chimney Repair Specialist LLC, submitted proposals to relator with "Darren Hawpetoss" written on them. The ULJ also determined that a worker, Ken Donald, was an employee because he failed to register his entity with the department of labor and industry (DLI) by the deadline.

Relator requested reconsideration, challenging, among other things, the determination that workers were employees because they did not submit invoices in the names of their business entities. The ULJ affirmed the classification of four workers as

employees for failing to submit invoices in the names of their business entities. But the ULJ reversed the decision as to two workers. The ULJ found that in the case of the two workers, relator's job work orders could be considered invoices submitted in the name of the business entity. For example, Robert Miller, owner of RAM Construction LLC, submitted relator's job work order with "R.A.M." or "RAM" written in as the "mechanic." The ULJ reasoned that the job work orders qualified as invoices because while the statute does not prescribe any "specific form" for an invoice, it "plainly requires an invoice submitted in the name of the business entity, not just one submitted in the name of the individual performing the services."

Relator again requested reconsideration. The ULJ affirmed the decision. Relator petitioned for a writ of certiorari.

## D E C I S I O N

On review, we may affirm, modify, or reverse the decision of the ULJ or remand the case for further proceedings if the substantial rights of the relator may have been prejudiced because the findings, inferences, or decision are made upon unlawful procedure, affected by other error of law, unsupported by substantial evidence in the record, or are arbitrary or capricious. Minn. Stat. § 268.105, subd. 7(d)(3)-(6) (Supp. 2015).

The ULJ determined that the workers are employees rather than independent contractors. "Whether an individual is an employee or an independent contractor is a mixed question of law and fact." *St. Croix Sensory Inc. v. Dep't of Emp't & Econ. Dev.*, 785 N.W.2d 796, 799 (Minn. App. 2010). We review the ULJ's findings of fact in the

3

light most favorable to the decision and give deference to its credibility decisions. *Skarhus v. Davanni's Inc.*, 721 N.W.2d 340, 344 (Minn. App. 2006). But "the determination of whether an employment relationship exists is purely a legal question." *Neve v. Austin Daily Herald*, 552 N.W.2d 45, 48 (Minn. App. 1996). We review questions of law de novo. *Ywswf v. Teleplan Wireless Servs., Inc.*, 726 N.W.2d 525, 529 (Minn. App. 2007).

***Invoices***

The ULJ determined that workers who failed to submit invoices in the names of their business entities were employees. The unemployment-compensation statute provides:

> If an individual is an owner or partial owner of a business entity, the individual is an employee of the person for whom the individual is performing services in the course of the person's trade, business, profession, or occupation, and is not an employee of the business entity in which the individual has an ownership interest, unless:
> (1) the business entity meets the nine factors in paragraph (a);
> (2) invoices are submitted in the name of the business entity;
> (3) the business entity is registered with the secretary of state, if required; and
> (4) the business entity is registered with the [DLI], if required under subdivision 4a.

Minn. Stat. § 181.723, subd. 4(b) (2012).[1]

Relator argues that the primary focus is the interpretation of the meaning of "invoice." Relator is incorrect for at least two reasons. First, DEED concedes that the

---

[1] The decision is controlled by the 2012 version of the statute, more recent amendments to the statute do not apply.

4

job work orders "are sufficient to constitute invoices." *See State v. Werner*, 725 N.W.2d 767, 770 n.1 (Minn. App. 2007) (stating that we generally accept a party's concession). Second, the ULJ concluded that relator's job work orders could be considered invoices because the statute does not prescribe any "specific form" for an invoice. Thus, the meaning or form of the invoice is not at issue. The issue is whether the workers met the statutory requirement of submitting invoices "in the name of the business entity." Minn. Stat. § 181.723, subd. 4(b)(2).

When the language of a statute is unambiguous, we interpret it according to its plain meaning. *Brua v. Minn. Joint Underwriting Ass'n*, 778 N.W.2d 294, 300 (Minn. 2010). The statute unambiguously states that an invoice must be "in the name of the business entity." Minn. Stat. § 181.723, subd. 4(b)(2). In interpreting statutes, words and phrases defined in the statute are construed according to their definition. Minn. Stat. § 645.08(1) (2014). The statute defines "business entity" as "a person other than an individual or a sole proprietor." Minn. Stat. § 181.723, subd. 1(h) (2012). Thus, the definition of "business entity" does not include the name of the owner of the business entity.

"The object of all interpretation and construction of laws is to ascertain and effectuate the intention of the legislature. Every law shall be construed, if possible, to give effect to *all its provisions*." Minn. Stat. § 645.16 (2014) (emphasis added). In interpreting a statute, this court is to give every word and phrase meaning and effect. *Amaral v. Saint Cloud Hosp.*, 598 N.W.2d 379, 384 (Minn. 1999). With those requirements in mind, we reject relator's assertion that a first-name designation of the

5

individual who owns the business entity satisfies the requirement that invoices are submitted in "the name of the business entity." If the legislature had intended relator's interpretation, it could have simply omitted the requirement that invoices be submitted in the name of the business entity, or if the requirement of including the name of the business entity was not intended to have a specific meaning, the legislature could have omitted the definition of "business entity" included in the section.

Relator essentially asks us to omit a requirement or add words to the statute, such as "in the name of the business entity or name of the business owner." But to add words to a statute that the legislature did not add would violate a basic rule of interpretation—an appellate court does not add words or phrases to unambiguous statutes. *County of Dakota v. Cameron*, 839 N.W.2d 700, 709 (Minn. 2013).

Relator claims that to reject the invoices for "one or two missing words . . . elevates form over substance." However, the ULJ determined that job work orders with only "RAM" or "R.A.M." written on them satisfied the requirement of invoices in the name of the business entity, RAM Construction LLC. Thus, there is no elevation of form over substance when these invoices that were missing words of the business entity were accepted. The ULJ did not err in determining that workers who did not submit invoices in the names of their business entities were employees rather than independent contractors.

***Effective date***

Relator next argues that the ULJ erred by determining that the statute "reach[ed] back for wages prior to September 15, 2012." Minn. Stat. § 181.723 became effective on

6

July 1, 2012. *See* 2012 Minn. Laws ch. 295, art. 2, § 14, at 1554 (stating that sections 1-10 and 12 are effective July 1, 2012, but not applicable to an individual who holds an exemption certificate issued before July 1, 2012, until the certificate expires or is revoked).

The statute had a "[r]egistration pilot project" for "persons who perform . . . building construction or improvement services" that became effective July 1, 2012, but included a grace period until September 15, 2012. *Id.*, § 3, at 1547. The grace period extended only the registration requirement; it did not apply to any other part of the statute. Any person who did not register by September 15, 2012, is presumed an employee of a person for whom the individual performs services. Minn. Stat. § 181.723, subd. 4(a) (2012). The ULJ did not err in concluding that any individual who did not register before September 15, 2012, was an employee. For any individual who was deemed an employee during the grace period, the ULJ appropriately determined that the classification was based on failing to meet requirements other than the registration requirement.

*Registration*

Finally, relator argues for the first time on appeal that the ULJ erred in determining that Ken Donald was required to register with the DLI. Because relator did not challenge whether the registration requirements applied to Donald, there is neither sufficient evidence in the record nor a determination by the ULJ to review. *See Thiele v. Stich*, 425 N.W.2d 580, 582 (Minn. 1988) (stating that an appellate court will not consider matters not argued to and considered by the district court); *Peterson v. Ne.*

7

*Bank–Minneapolis*, 805 N.W.2d 878, 883 (Minn. App. 2011) ("[B]ecause this issue was not raised before the ULJ, it is not properly before this court on review.").

**Affirmed.**