*This opinion will be unpublished and may not be cited except as provided by Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A14-0730**

City of St. Cloud,
Respondent,

vs.

Elissa Winters,
Relator.

**Filed January 12, 2015
Affirmed
Klaphake, Judge**[*]

City of St. Cloud Administrative Court

Matthew A. Staehling, St. Cloud City Attorney, Kirsten A. Lucken, Assistant City Attorney, St. Cloud, Minnesota (for respondent)

Richard W. Curott, Curott & Associates, LLC, Milaca, Minnesota (for relator)

Considered and decided by Peterson, Presiding Judge; Larkin, Judge; and Klaphake, Judge.

**U N P U B L I S H E D   O P I N I O N**

**KLAPHAKE**, Judge

Relator challenges a decision by an administrative hearing officer that respondent city properly seized her dog because she failed to comply with conditions the city had imposed when it designated the dog as potentially dangerous under the city ordinance.

---

[*] Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to Minn. Const. art. VI, § 10.

She argues that the seizure was legally improper because the city had not notified her of the designation, although she alleges that she had been the dog's co-owner at the time of the designation. The city moved to dismiss, arguing that relator is raising these issues for the first time on appeal. This court denied the motion to dismiss but deferred to the merits panel the question of whether the issues relator raises are properly before this court. We affirm.

**D E C I S I O N**

"A quasi-judicial decision made by a municipality is reviewable through a writ of certiorari." *In re Khan*, 804 N.W.2d 132, 136 (Minn. App. 2011). This court's certiorari review of the decision is limited to "whether its decision was arbitrary, oppressive, unreasonable, fraudulent, or unsupported by evidence or applicable law." *Reierson v. City of Hibbing*, 628 N.W.2d 201, 204 (Minn. App. 2001). This court will not retry facts or make credibility determinations, and "we will uphold the decision if the lower tribunal furnished any legal and substantial basis for the action taken." *Staeheli v. City of St. Paul*, 732 N.W.2d 298, 303 (Minn. App. 2007) (quotation omitted).

"When an animal is declared potentially dangerous, the animal control officer shall cause the owner(s) of the potentially dangerous animal to be notified in writing or in person that such animal is potentially dangerous," and that the owner has "fourteen (14) days to appeal the determination or the imposition of conditions on maintaining the animal by requesting a hearing before the independent hearing officer." St. Cloud, Minn. Code of Ordinances ch. 10, § 1040:80, subd. 2 (2009).

After the dog at issue bit someone, the city designated it as potentially dangerous and imposed a number of conditions on the dog's owner pursuant to the ordinance. *See id.*, subd. 3 (2009). The animal control officer sent the notice to a person identified as the dog's owner, who did not appeal the designation or comply with the conditions. Later, after relator licensed the dog, she began receiving notices regarding the dog, including a notice of violation of the potentially dangerous dog conditions and an administrative citation imposing fines for the violation. When relator still failed to comply with the conditions, the city seized the dog until she submitted proof of compliance.

Relator brought a timely appeal to challenge the city's seizure of the dog, but at the hearing she disputed the underlying designation of the dog as potentially dangerous. The hearing officer upheld the seizure and ruled that the time to appeal the designation had run prior to the hearing on the seizure. This certiorari appeal followed.

Relator argues that the seizure of the dog should be reversed because she had been a co-owner of the dog, but the city failed to notify her when the dog was designated as potentially dangerous, as required by ordinance and due process. She contends that the city cannot enforce the conditions against her until it gives her notice of the designation of the dog as potentially dangerous and the opportunity to appeal.

To succeed with this argument, relator had to establish at the seizure hearing that she was the owner at the time the notice was sent. But, this issue was never litigated at the hearing. Instead, the partial transcript of the hearing filed with this court shows that

3

she sought only to argue the merits of the potentially dangerous dog designation.[1] A reviewing court will not consider an issue raised for the first time on appeal. *Thiele v. Stich*, 425 N.W.2d 580, 582 (Minn. 1988). Relator's other arguments have no merit.

**Affirmed.**

---

[1]Relator notified this court that no transcript was necessary, and respondent then ordered a partial transcript. Although respondent submitted a DVD of the hearing and cites portions of the untranscribed portions of the hearing, we may review only the partial transcript that the city filed with this court. *See* Minn. R. Civ. App. P. 110.01 ("The documents filed in the trial court, the exhibits, and the transcript of the proceedings, if any, shall constitute the record on appeal in all cases.").