*This opinion is nonprecedential except as provided by
Minn. R. Civ. App. P. 136.01, subd. 1(c).*

# STATE OF MINNESOTA
# IN COURT OF APPEALS
# A23-1109

Stockholm Township,
Respondent,

vs.

Glenn A. Schmidt, et al.,
Appellants,

Bancommunity Service Corporation, et al.,
Defendants.

**Filed April 22, 2024**
**Affirmed**
**Smith, Tracy M., Judge**

Wright County District Court
File No. 86-CV-22-1967

Jessica E. Schwie, Samantha Zuehlke, Kennedy & Graven, Chartered, Minneapolis, Minnesota (for respondent)

Jacob T. Erickson, Smith, Paulson, O'Donnell & Erickson, PLC, Monticello, Minnesota (for appellants)

Considered and decided by Smith, Tracy M., Presiding Judge; Bratvold, Judge; and Jesson, Judge.[*]

---

[*] Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to Minn. Const. art. VI, § 10.

**SMITH, TRACY M.**, Judge

In this enforcement action arising from appellants Glenn A. Schmidt and Heidi S. Schmidt's use of their property as a short-term rental, the Schmidts challenge the district court's grant of summary judgment to respondent Stockholm Township.[1] The Schmidts argue that the district court erred by determining that (1) their use of the property violated the township's 1992 zoning ordinance and (2) their use of the property is not a lawful nonconforming use under Minnesota Statutes section 462.357, subdivision 1e(a) (2022), and the township's 2022 zoning ordinance. We reject both arguments and affirm.

## FACTS

The facts are undisputed. The Schmidts own property located on Collinwood Lake in Stockholm Township in Wright County. The property has a 2,500-square-foot house with three bedrooms and two bathrooms as well as a "small cabin." The Schmidts do not reside on the property. In June 2021, the Schmidts began renting out their property through a vacation rental listing website. On 13 occasions between June and August 2021, the Schmidts rented out their property to eight or more persons.

In August 2021, the township sent the Schmidts a letter stating that the township had learned that the Schmidts were operating a business from their "residences" and directing the Schmidts to discontinue renting out their property without obtaining a conditional use permit from the township. In September 2021, the township sent a second

---

[1] The Schmidts also challenge the grant of injunctive relief to the township. But there is no evidence in the record that the district court issued an injunction.

letter to the Schmidts, stating that the township's zoning ordinance prohibits short-term rentals within an R-1 district—the zoning classification for the Schmidts' property—and that the Schmidts must cease renting out their property.

The township enacted a zoning ordinance in 1992. The 1992 zoning ordinance lists permitted, accessory, and conditional uses of property within an R-1 district. Stockholm Township, Minn., Zoning Ordinance (STZO) §§ 605.2-.4 (1992). It provides that "[a]ll other uses not listed as permitted, accessory or conditional shall be prohibited." STZO § 605.41 (1992). On March 1, 2022, the township adopted an ordinance amending its zoning ordinance to expressly prohibit short-term and vacation rentals within an R-1 district.[2] Stockholm Township, Minn., Ordinance No. 2022-03 (2022).

In April 2022, the township sued the Schmidts, seeking a declaratory judgment that the Schmidts' use of their property as a short-term or vacation rental violated the township's zoning ordinance and seeking to enjoin the Schmidts from renting out their property. The parties cross-moved for summary judgment. The district court denied the Schmidts' motion for summary judgment and granted the township's motion for summary judgment, determining that the Schmidts' use of the property violated the township's zoning ordinance even before the ordinance was amended to specifically identify short-term rentals as prohibited uses of property within an R-1 district. The Schmidts moved for amended findings and a new trial. The district court denied the motion.

The Schmidts appeal.

_____

[2] The township's zoning ordinance has been amended in other ways that are not relevant here.

**DECISION**

Appellate courts "review the grant of summary judgment de novo to determine whether there are genuine issues of material fact and whether the district court erred in its application of the law." *Montemayor v. Sebright Prods., Inc.*, 898 N.W.2d 623, 628 (Minn. 2017) (quotation omitted). The parties agree, as do we, that there are no genuine issues of material fact. The question that remains is whether the district court erred in applying the law.

The Schmidts assert that the district court erred because (1) their use of the property is both a "permitted" and a "conditional" use under the 1992 ordinance and (2) their use of the property is a lawful nonconforming use under Minnesota Statutes section 462.357, subdivision 1e(a), and the 2022 amendment. We address each argument in turn.

**I.    The Schmidts' rental use is not a permitted or conditional use.**

The Schmidts argue that the use of their property as a short-term rental is lawful as both a "permitted use" and a "conditional use" under the township's 1992 zoning ordinance. The township asserts that short-term rental is neither a permitted nor a conditional use under the 1992 ordinance and is therefore prohibited.

"Interpretations of . . . existing local zoning ordinances are questions of law that this court reviews de novo." *Clear Channel Outdoor Advert., Inc. v. City of St. Paul*, 675 N.W.2d 343, 346 (Minn. App. 2004) (quotation omitted), *rev. denied* (Minn. May 18, 2004); *see also Frank's Nursery Sales, Inc. v. City of Roseville*, 295 N.W.2d 604, 608 (Minn. 1980). Appellate courts interpret an ordinance according to its plain and ordinary meaning. *See Frank's Nursery*, 295 N.W.2d at 608; *see also Calm Waters, LLC v. Kanabec*

4

*Cnty. Bd. of Comm'rs*, 756 N.W.2d 716, 721 (Minn. 2008). Courts may look to dictionary definitions to determine the common and ordinary meaning of terms. *Jaeger v. Palladium Holdings, LLC*, 884 N.W.2d 601, 605 (Minn. 2016). An ordinance must be read and construed as a whole, and each section must be interpreted "in light of the surrounding sections to avoid conflicting interpretations." *Cf. Am. Fam. Ins. Grp. v. Schroedl*, 616 N.W.2d 273, 277 (Minn. 2000) (interpreting a statute). An ordinance is unambiguous if it is not subject to more than one reasonable meaning. *Mohler v. City of St. Louis Park*, 643 N.W.2d 623, 634 (Minn. App. 2002), *rev. denied* (Minn. July 16, 2002). If the meaning of an ordinance is unambiguous, no further construction is required. *Id.* Only if an ordinance is ambiguous may a court look to the policy underlying the ordinance to determine its meaning. *See id.* at 635.

### A.     Permitted Use

We begin with the question of "permitted use." Section 605.2 of the ordinance lists seven "permitted uses" within an R-1 district. STZO § 605.2. The Schmidts argue that one of these seven permitted uses—namely, "[s]ingle family detached residences"—applies to their rental use of the property. *Id.* The township disagrees.

"Single family detached residences" is not a term that is defined in the ordinance. Words that make up the term, however, are either defined in the ordinance or have common and ordinary meanings as reflected in dictionary definitions. "Residence" is defined by Black's Law Dictionary as "[t]he place where one actually lives." *Black's Law Dictionary* 1565 (11th ed. 2019). Similarly, the American Heritage Dictionary defines "residence" as "[t]he place in which one lives; a dwelling." *The American Heritage Dictionary of the*

5

*English Language* 1493 (5th ed. 2018). "Family" is defined by the ordinance as "[a]n individual, or two or more persons related by blood, marriage or adoption, living together as a single house keeping unit in a dwelling unit." STZO § 302(40) (1992). "Dwelling unit" is defined by the ordinance as "[a] residential building or portion thereof intended for occupancy by single family" and excludes "hotels, motels, boarding or rooming houses" and "tourist homes." *Id.* (32) (1992). Reading the definitions of these constituent words together, we conclude that the term "single family detached residences" unambiguously means single-family detached dwellings in which an individual or related persons live.

When this interpretation is applied to the undisputed facts, the Schmidts' use of their property as a short-term rental does not constitute a permitted use of "single family detached residence." The house is a detached dwelling. But it is undisputed that the Schmidt family does not live on the property. In fact, the Schmidts offer no evidence that any person or family actually lives on the property. The undisputed facts establish that the Schmidts' house is not a residence. Thus, as a matter of law, the Schmidts were not using the property for the permitted use of a single-family detached residence.[3]

---

[3] The Schmidts cite a nonprecedential case, *County of Douglas v. Owen*, No. A08-1776, 2009 WL 2595895 (Minn. App. Aug. 25, 2009), to argue that their rental of the property does not "change" the character of the house from a single-family detached residence. "Nonprecedential opinions . . . are not binding authority except as law of the case, res judicata or collateral estoppel." Minn. R. Civ. App. P. 136.01, subd. 1(c). Moreover, that case is not persuasive here because it addressed another governmental entity's ordinance, which contained different language from the township's ordinance. *See Owen*, 2009 WL 2595895, at *2. And, again, the Schmidts fail to establish that they were using the property as a single-family detached residence even though they were renting the property.

The Schmidts contend that what matters under the ordinance is "the manner in which structures on the real estate are designed and built," not how the structures are used. In support of their argument, the Schmidts rely on another term in the ordinance—namely, "single family dwelling." "Single family dwelling" is defined under the ordinance as "[a] detached permanent structure, *designed* for use by one family only." STZO § 302(137) (1992) (emphasis added).

The Schmidts' reliance on the term "single family dwelling" is misplaced. Although that term appears elsewhere in the ordinance, "single family dwelling" does not appear in the list of permitted uses within an R-1 district. *See* STZO §§ 603.2, 604.2 (listing "One single-family dwelling per lot of record" as a permitted use of property within A/R and AG districts), 605.2 (listing permitted uses within an R-1 district) (1992). The relevant permitted use of the Schmidts' property located in an R-1 district is "single family detached residences," and, as explained above, the Schmidts' use of the property does not fall within the plain meaning of that term.

B.      **Conditional Use**

The Schmidts also argue that their short-term rental of the property is a "conditional use" under the ordinance. Section 605.4 of the ordinance lists 15 conditional uses within an R-1 district, all of which require a conditional use permit. STZO § 605.4; *see also* STZO § 505 (1992) (setting forth the requirement for a conditional use permit). The only conditional use relevant here is "[a]ll home occupations." *See* STZO § 605.4. "Home occupation" is defined under the ordinance as follows:

> Any occupation of a service character which is clearly secondary to the main use of the premises as a dwelling and does not change the character thereof or exhibit any exterior evidence of such secondary use. Such occupation shall be conducted or carried on only by the person residing on the premises.

STZO § 302(61) (1992).

The Schmidts contend that "offering their home for rental" meets the ordinance's definition of a home occupation. Additionally, the Schmidts, pointing to the August 2021 letter from the township, assert that the township "agreed" that the use of their property as a rental is a home occupation. The township argues that the Schmidts' use of the property does not constitute a home occupation under the plain language of the ordinance and that the Schmidts misstate the record in asserting that the township agreed otherwise.

The township contends that the Schmidts' use is not a home occupation because it is neither of a service character nor secondary to the main use of the property as a dwelling and was not conducted by a person residing on the property. We need not decide whether renting out the property is of a service character or secondary to the main use of the property as a dwelling because the Schmidts, who rented out the property, do not reside on the property—which is plainly a requirement of a home occupation. Because the property was not being used as a short-term rental by a person residing on the property, the Schmidts' use of the property is not a home occupation under the plain meaning of that term.

Moreover, the undisputed facts establish that the township never granted a permit for the Schmidts' rental use of their property as a home occupation. Even though the

8

township suggested in its August 2021 letter that the Schmidts may obtain a conditional use permit to rent out their property, the letter did not mention home occupations. Further, after reviewing the circumstances more thoroughly, the township sent its September 2021 letter in which it stated that "a conditional use permit is not an option."

Because the Schmidts' use of their property as a short-term rental is neither a permitted nor a conditional use according to the plain meaning of those terms, it was a prohibited use under the township's 1992 zoning ordinance. *See* STZO § 605.41. As a matter of law, the Schmidts' use of the property violated the 1992 ordinance.[4]

## II. The Schmidts' use is not a lawful nonconforming use.

The Schmidts also argue that the use of their property as a short-term rental is a lawful nonconforming use under Minnesota Statutes section 462.357, subdivision 1e(a), and the township's 2022 zoning ordinance.[5] We disagree.

The statute states: "Except as otherwise provided by law, any nonconformity, including the lawful use or occupation of land or premises existing at the time of the adoption of an additional control under this chapter, may be continued . . . ." Minn. Stat.

---

[4] Because both "single family detached residences" and "home occupation" are susceptible to only one reasonable meaning based on their plain language, we need not address the parties' arguments that the policies underlying the ordinance support their respective interpretations of the terms. *See Mohler*, 643 N.W.2d at 634.

[5] The township asserts that this court should not consider this issue because the district court did not consider it. *See Thiele v. Stich*, 425 N.W.2d 580, 582 (Minn. 1988) (stating that appellate courts generally consider only those issues previously presented to and considered by the district court). But the record shows that the district court considered the issue and determined that the Schmidts' use of the property is not a valid nonconforming use. We therefore address the issue.

§ 462.357, subd. 1e(a). The Schmidts contend that their use of the property was "a lawful use" before the adoption of the 2022 ordinance amending the township's zoning ordinance to list short-term and vacation rentals as prohibited uses. *See* Ordinance No. 2022-03 § 3.3(1). They also contend that their previously lawful use cannot be prohibited by the 2022 ordinance because doing so would violate the statutory provision against eliminating a lawful use by amortization. *See* Minn. Stat. § 462.357, subd. 1c (2022).

The Schmidts' arguments fail. As we have explained, their use of the property as a short-term rental violated the township's 1992 zoning ordinance. As a result, their use was not a lawful use before the township's zoning ordinance was amended in 2022. Therefore, their use is not a lawful nonconforming use and the amortization rule does not apply.

Because the district court did not err in applying the township's zoning ordinance to the undisputed facts, it properly denied the Schmidts' motion for summary judgment and granted summary judgment for the township.

**Affirmed.**